PEOPLE *v.* CASTELLI.

1. CRIMINAL LAW—WARRANT—FAILURE TO BRING ACCUSED TO MAGISTRATE FORTHWITH—JURISDICTION.

Denial of motion to quash information because defendant had not been taken forthwith before the magistrate who had issued the warrant was not error, as the statute requiring that such action be taken forthwith does not command the officer to do so nor cause the court to lose jurisdiction because the officer has not acted forthwith, and defendant's conduct which resulted in his incarceration in jail in another county for another crime was a barrier to compliance with the statute (CL 1948, § 766.3).

2. SAME—SPEEDY TRIAL.

One accused of crime is entitled to a speedy trial (Const 1908, art 2, § 19).

3. SAME—SPEEDY TRIAL—TIME.

A *speedy trial,* as the term is used in the Constitution according one accused of crime the right to a speedy trial, means such reasonable time under all the attendant circumstances as will give the people an opportunity to present its case in court (Const 1908, art 2, § 19).

4. SAME—SPEEDY TRIAL—DISCRETION OF COURT.

What constitutes a speedy trial in a criminal prosecution for crime depends upon the circumstances of the case, much being left to the discretion of the trial court (Const 1908, art 2, § 19).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur, Indictment and Information §§ 138–143.
[2–4] 14 Am Jur, Criminal Law §§ 134–138.
[5, 6] 14 Am Jur, Criminal Law §§ 134–138.
  Constitutional or statutory right of accused to speedy trial as affected by his incarceration for another offense. 118 ALR 1037.
[7] 14 Am Jur, Criminal Law § 214 *et seq.*
[8] 20 Am Jur, Evidence § 309 *et seq.*
[9, 10] 58 Am Jur, Witnesses § 3.

5. SAME—SPEEDY TRIAL—RECORD.

Defendant in prosecution for unarmed robbery *held,* not to have been denied a speedy trial, where record shows that warrant therefor was issued November 3, 1960, and sent to sheriff in another county where defendant was then in jail for a narcotics charge, return made by such sheriff on March 21, 1961, defendant was in the State prison, complaining witness was then ill, defendant was brought to county seat on August 25, 1961, for examination, informed against August 31, 1961, and brought to trial November 3, 1961 (Const 1908, art 2, § 19; PA 1957, No 177).

6. SAME—PUBLIC POLICY—SPEEDY TRIAL—IMPRISONMENT FOR ANOTHER CRIME—COMMENCEMENT OF PROCEEDINGS.

Public policy, as expressed by the legislature with respect to the meaning of a speedy trial of one serving a prison sentence upon conviction of some other crime, calls for bringing to trial within 180 days after the department of corrections shall notify the appropriate prosecuting attorney of the accused's imprisonment and a request for final disposition of the information, the statutory requirement being satisfied by the taking of good faith action to start the proceedings in motion (Const 1908, art 2, § 19; PA 1957, No 177).

7. SAME—IMPRISONMENT FOR ANOTHER CRIME—JURISDICTION.

Jurisdiction to try defendant on charge of unarmed robbery was not lost, where defendant had been delivered to State prison on sentence for a narcotics charge on March 3, 1961, and proceedings on the robbery charge were commenced on August 25, 1961 (PA 1957, No 177).

8. SAME—IDENTIFICATION OF ROBBER—EVIDENCE—SHOWUPS.

Error which may have been injected into prosecution for unarmed robbery by reason of prosecution's questioning of a police officer at the trial concerning pictures he had shown the complaining witness for purposes of identifying her assailant together with the testimony that defendant was identified in the showup at a county jail, because such testimony improperly injected into the minds of the jurors that defendant had been arrested before and perhaps had a criminal record *held,* obviated by defense counsel's opening statement wherein he told the jurors the police had shown the complaining witness pictures, including 1 of defendant which she identified as being a picture of the robber and that she had testified about it at the examination.

9. SAME—RES GESTAE WITNESS—EXCUSE FOR FAILURE TO PRODUCE.
   The failure of the people to call a *res gestae* witness in a prose-
   cution for crime is properly excused, where officers made a
   diligent search for him but were unable to locate him.

10. SAME—IDENTITY OF ROBBER—FAILURE TO INDORSE NAME OF WIT-
   NESS.
   It was reversible error for the people in prosecution for unarmed
   robbery to fail to indorse on information the name of a
   witness who was known to police and who saw a man running
   where 3 other witnesses testified they had seen him but who
   gave police officers a different description than the unindorsed
   witness, inasmuch as identity of the robber was a major issue
   in the case and the testimony of such unindorsed witness would
   not have been merely cumulative.

Appeal from Oakland; Holland (H. Russel), J.
Submitted March 8, 1963. (Calendar No. 89, Docket
No. 50,069.) Decided May 9, 1963.

Rudolph Castelli was convicted of robbery un-
armed. Reversed and new trial granted.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George F. Taylor,*
Prosecuting Attorney, *Robert L. Templin,* Assistant
Prosecuting Attorney, for the people.

*Norman L. Zemke* and *Monis Schuster,* for defend-
ant.

DETHMERS, J. On September 9, 1960, a woman,
who is the complaining witness in this case, went
into a bank in Oakland county, withdrew $6,000 in
cash, had it put into a white bag, and walked out of
the bank toward her automobile parked nearby. A
man came up to her, told her to keep quiet, grabbed
for the bag with the money in it, knocked her down,
seized the bag and ran off with it.

On October 24, 1960, defendant was arrested by
Detroit police on a Wayne county narcotics charge

and confined in the Wayne county jail until February 28, 1961.  On the latter date he was sentenced in the recorder's court of Detroit to serve 1 to 5 years after having entered a plea of guilty to the narcotics charge.  On March 3, 1961, he was delivered to State prison to serve said sentence.

On November 2, 1960, as the result of identifications made by the complaining witness from photographs and showups in the Wayne county jail, a warrant was issued in this case in Oakland county charging defendant with the unarmed robbery.  On November 3, 1960, the warrant was sent to the Wayne county sheriff in whose custody defendant then was. On March 21, 1961, the Wayne sheriff returned the Oakland county warrant to authorities there, advising that defendant now was in State prison under sentence on the Wayne county narcotics charge.  In April and May of 1961 the Oakland authorities sought to contact the complaining witness in this case for the purpose of arranging to proceed with a preliminary examination herein.  They learned that she was ill, first in a hospital and then at home. On August 25, 1961, on a writ of habeas corpus, defendant was brought to Oakland county and the examination in this case was held on August 30, 1961. Defendant was bound over to circuit court for trial and an information was filed in that court on August 31, 1961.  On October 19, 1961, defendant moved to quash the information and discharge him for the reason that (1) he had been denied a speedy trial and (2) because, upon issuance of the warrant, he had not been taken forthwith before the magistrate as provided in CL 1948, § 766.3 (Stat Ann 1954 Rev § 28.921), and, finally, (3) because the court had lost jurisdiction to try him in that there had not been compliance with the requirements of PA 1957, No 177 (CL 1948, § 780.131 et seq. [Stat Ann 1961 Cum Supp § 28.969(1) et seq.]), that a prison inmate

shall be brought to trial, on a pending criminal charge other than that for which he is imprisoned, within 180 days after the department of corrections shall notify the prosecuting attorney of the appropriate county of the fact of the inmate's imprisonment in State prison and request final disposition of the information. The motion was denied. On November 3, 1961, defendant was brought to trial. At the conclusion of the people's proofs, defendant moved for a directed verdict on the ground that he had been denied the opportunity to confront and cross-examine all of the *res gestae* witnesses, known to the authorities to be such before trial, as a result of the prosecution's failure to indorse their names on the information and produce them as witnesses at trial. This motion was denied. On November 6th a jury returned a verdict of guilty of robbery unarmed, and defendant thereafter was sentenced to serve a prison term.

Defendant appeals here, seeking reversal on the 4 grounds urged for the 2 motions as above noted and the additional one that prejudicial error was committed by introduction of evidence that defendant had a previous criminal record.

CL 1948, § 766.3 (Stat Ann 1954 Rev § 28.921), requires the magistrate, under proper circumstances, to issue a warrant commanding the officer to take the accused forthwith and bring him before the magistrate. The statute does not command the officer to do so. It does not provide that jurisdiction is lost by the officer's failure to do so. In the instant case, defendant indulged conduct which placed a considerable barrier in the way of the officer's doing so by getting himself incarcerated in another county. There is no authority for a holding, on this basis, for reversal, quashing the information, complaint and warrant and dismissing defendant. We decline so to hold. Defendant cites *People* v. *Hamilton,* 359

Mich 410, in this connection.  It has no application to this case in which defendant was in jail in another county on another charge when the warrant herein was issued.  Neither is there here involved the main question presented in *Hamilton,* namely, admissibility of a confession.

An accused is entitled to a speedy trial.  Michigan Constitution of 1908, art 2, § 19.  Discussion of what constitutes a speedy trial as thus guaranteed may be found in *Hicks* v. *Judge of Recorder's Court of Detroit,* 236 Mich 689, and *People* v. *Den Uyl,* 320 Mich 477.  In *Hicks* it was said:

"In view of this constitutional provision it becomes necessary to inquire what a speedy trial means.  We apprehend it means such reasonable time under all the attendant circumstances as will give the people an opportunity to present its case in court.  16 CJ, Criminal Law § 793 *et seq.,* p 439 *et seq.*  A speedy trial does not mean that the defendant is entitled to have his trial commence immediately after being bound over to the trial court.  What would be a reasonable time in 1 case would be perhaps unreasonable in another.  The question might be affected by the gravity of the offense, the number of witnesses involved, the terms of court, and many other circumstances.  Owing to this, much must necessarily be left to the discretion of the trial court.  The trial court must exercise its best judgment upon such applications, keeping in mind, however, the defendant's constitutional rights."

Defendant was not incarcerated, during the delay, on this charge, but in another county, and ultimately in State prison, on another.  Soon after his conviction and imprisonment in the other case, the complaining witness in this case was ill for a time in the hospital and at home.  Her testimony was essential to the people's case.  The people were entitled to

such reasonable time as would give the prosecution an opportunity to present its case in court.

The right to a speedy trial of one imprisoned under sentence or conviction of another crime in another court must be viewed in the light of the provisions of PA 1957, No 177 (CL 1948, § 780.131 *et seq.* [Stat Ann 1961 Cum Supp § 28.969(1) *et seq.*]). This expresses the legislative policy, or public policy established by the legislature, as to the meaning of the constitutionally guaranteed right to speedy trial of one serving a prison sentence upon conviction of some other crime. It calls for bringing to trial within 180 days after the department of corrections shall notify the appropriate prosecuting attorney of the accused's imprisonment and a request for final disposition of the information. When this statute has been complied with, the right to a speedy trial has been observed. In *People* v. *Hendershot,* 357 Mich 300, this Court held that the statutory requirement that the accused "shall be brought to trial" within 180 days does not require actual trial within that time, but only the taking of good faith action to start the proceedings in motion. In this case the department of corrections never did notify the prosecuting attorney of Oakland county of defendant's imprisonment or request disposition of the information. However, inasmuch as defendant was not delivered to the department and to State prison until March 3, 1961, no duty could have reposed on the department to do so before that date. 180 days thereafter had not yet expired when, on August 25, 1961, the Oakland county prosecuting attorney commenced proceedings, under the *Hendershot* holding, by habeas corpus to bring defendant before the magistrate for examination. Jurisdiction to try defendant, accordingly, was not lost and he is not entitled to discharge on the ground just considered.

Defendant claims reversible error in the prosecu-

tion's questioning of a police officer at the trial concerning pictures he had shown the complaining witness for purposes of identifying her assailant. One was of defendant. The pictures were produced in the sight of the jury. Defendant's picture had the date of his arrest noted thereon. The date was cut from the picture before it was allowed in evidence and shown to the jury. Defendant says that this, and testimony that defendant was identified in a showup in the Wayne county jail, improperly injected into the minds of the jurors that defendant had been arrested before and perhaps had a criminal record. He at no time took the witness stand. Such error as might have been injected into the case in this manner is obviated by the fact that defendant's counsel, in his opening statement made to the jury before the people had adduced any of their proofs, opened the door to this subject by telling the jurors that the police had shown the complaining witness some pictures, including one of defendant which she had identified as being a picture of the robber, and that she had testified about it at the examination.

Finally, we come to defendant's claim of error and the right to new trial because of the people's failure to indorse on the information the names of 2 so-called *res gestae* witnesses and to call them as witnesses. As to one, the failure was properly excused, as the trial court held, by a showing that the officers had made a diligent search for him and were unable to locate him. As to the other witness, a different situation is presented. The further pertinent facts with respect thereto are as follows: The complaining witness testified concerning the robbery, described the robber and told about his running from the scene and the way he went. Another witness saw the robbery and the robber fleeing from the scene and testified thereto. A third witness, while in her home across the street, heard the victim

scream, ran out to her front porch from where she saw the man running. All 3, in their testimony, described the robber and the course of his flight. They corroborated each other in description of the robber and where he ran. According to a police report, read into the record by defendant's attorney in the absence of the jury, another woman sitting in a car nearby told police officers that at that time and place she, too, saw a man running where the others testified that they had seen him. Her description of the man differed from that of the 3 witnesses who testified. She was not called as witness by the people nor was her name indorsed on the information. The first that defendant or his counsel heard of her was at trial. The court stated that it did not appear from the police report that the witness had been able to get a good view or more than a fleeting glimpse of the running man or that she would be able to identify him and that, hence, it did not feel that the trial should be delayed so that she could be brought in to testify because it did not appear that her testimony would be helpful to either party. Inasmuch as identity of the robber was a major issue in the case, the testimony of every witness who could describe him was of utmost importance. If, as the police report indicates, the description by one not called as a witness would be in conflict with that of those who did testify, defendant was entitled to the benefit thereof before the jury. Her testimony would not have been merely cumulative. Failure to indorse this woman's name on the information and to produce her at trial was reversible error. *People* v. *Blazenzitz,* 212 Mich 675.

Reversed and new trial granted.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.