PEOPLE *v.* MANNS.

1. CRIMINAL LAW — PROCEDURE — INFORMATION — WITNESSES — INDORSEMENT.

It is the duty of the prosecutor to indorse on a criminal information the names of all eyewitnesses known to him except where they are numerous and those who are not indorsed would obviously be cumulative (CLS 1961, § 767.40).

2. SAME—PROCEDURE—INFORMATION—WITNESSES—INDORSEMENT.

Failure of prosecution to indorse the names of eyewitnesses on an information and produce them at trial is not a mere irregularity but a positive invasion of a substantial right belonging to defendant.

3. SAME—PROCEDURE—INFORMATION—WITNESSES—INDORSEMENT.

Failure of the prosecution to indorse an eyewitness known to it on information charging attempted second-degree murder, where this witness could have given testimony pertinent to defendant's claim of self-defense, *held*, error which could not be cured by a belated, unsuccessful attempt to subpoena the witness when he was known to be a transient summer worker and the trial was held during the winter 3 months after the filing of the information.

Appeal from St. Clair, Streeter (Halford I.), J. Submitted Division 2 May 13, 1968, at Detroit. (Docket No. 3,944.) Decided July 26, 1968.

John Earl Manns was convicted of felonious assault. Defendant appeals. Reversed and remanded for new trial.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law § 328.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James T. Corden,* Prosecuting Attorney, and *Ronald J. Flanigan,* Assistant Prosecuting Attorney, for the people.

*William R. Walsh, Jr.,* for defendant on appeal.

Per Curiam.　On July 29, 1966, defendant, John Earl Manns, shot Jasper Mitchell in the right leg with a single-shot 12-gauge shotgun loaded with #6 birdshot.　A warrant for attempted second degree murder was issued on August 1, 1966.　A jury trial was held, the jury returning a verdict of guilty of felonious assault,[1] a lesser included offense.　Defendant was sentenced to a prison term of 3 to 4 years.

In appealing his conviction, defendant raises several issues; however, for purposes of this review, only the following issue need be considered: was reversible error committed by the prosecution's failure to endorse on the information one J. W. Mays?

The statute involved is CLS 1961, § 767.40 (Stat Ann 1968 Cum Supp § 28.980), and reads as follows:

"All informations shall be filed in the court having jurisdiction of the offense specified therein, after the proper return is filed by the examining magistrate, by the prosecuting attorney of the county as informant; he shall indorse thereon the names of the witnesses known to him at the time of filing the same.　The information shall be subscribed by the prosecuting attorney or in his name by an assistant prosecuting attorney.　Names of additional witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine."

---

[1] CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277).

The crime charged in the information herein was one of violence. 1 Gillespie, Michigan Criminal Law & Procedure, 2d, § 343, pp 415, 416 states:

"The rule that the prosecution must indorse and call all eyewitnesses to a crime of violence who are available, except where they are numerous and those who are not called would obviously be merely cumulative, is too well established in this state to require citation of authorities. The purpose of the rule is to insure the disclosure of the whole of the *res gestae,* to protect the accused against the suppression of testimony favorable to him, and to give him the benefit of cross-examination of such witnesses.

"The failure to indorse the names of eyewitnesses on the information and produce them is not a mere irregularity. It is a positive invasion of a substantial right of the respondent under the law. Such an invasion might not be harmful where a defendant had means to employ counsel to discover the facts and prepare a defense, but it would be otherwise with the unfortunate and helpless poor accused of crime, if subjected to the whims of officers to suppress evidence. The invasion of such right is not to be palliated because of the righteous indignation of the citizens at the prevalence of crime, nor because the crime was peculiarly atrocious and cowardly, nor because the testimony of such witness might be unfavorable to the prosecution."

In *People* v. *Tann* (1949), 326 Mich 361, 366, Mr. Chief Justice SHARPE stated:

"Under the above statute [CLS 1961, § 767.40 (Stat Ann 1968 Cum Supp § 28.980)] *we have held that it is the duty of the prosecution to indorse on the information all known res gestae witnesses if the testimony of such witnesses is reasonably necessary to protect the accused against a false accusation.* See *People* v. *Bartlett* (1945), 312 Mich 648.

"In *People* v. *Blazenzitz* (1920), 212 Mich 675, one Thomas Houghton was shot and killed in a bank and

defendant was convicted of such murder. In support of a motion for a new trial, the defendant presented affidavits that Joseph Operhall and Eugene Vincent were in the street and near the bank at the time of the shooting and this information was known to the prosecutor at least a month before the trial. Neither of the above persons was called as a witness by the prosecutor. We there said, 'The failure to indorse and produce these witnesses is not a mere irregularity. It is a positive invasion of a substantial right of the defendant under the law.' A new trial was granted because of the failure of the prosecutor to indorse and produce the mentioned witnesses." (Emphasis supplied.)

In the case at hand the preliminary examination testimony of Gene Wells indicated that J. W. Mays was a *res gestae* witness—a person present at the time and locale of the shooting incident. J. W. Mays was thus "a known *res gestae* witness." His testimony was reasonably necessary to insure the disclosure of the whole of the *res gestae* and to protect the accused in view of the circumstances of the shooting incident. Defendant interposed a claim of self-defense and J. W. Mays would have supplied pertinent testimony in regard to this defense. With this knowledge the prosecuting attorney chose not to endorse J. W. Mays upon the information when filing it on September 19, 1966.

At trial, on January 18, 1967, defense counsel moved orally for the endorsement and production of J. W. Mays, stating that "the obligation of the prosecution is quite clear in this regard." The trial transcript discloses the following:

"*The Court.* If the defense wishes the man subpoenaed, I will adjourn the case and we will subpoena him.

*"Mr. Corden [prosecuting attorney].* It is up to the defense, Your Honor. The people do not intend and have never intended to subpoena J. W. Mays.

&ast; &ast; &ast;

*"Mr. Andresen [defense counsel].* I do not accept this attempted shifting of the burden to the defense in matters such as this. This is the duty of the prosecution, and I submit the law is clear on that. The law is also clear on the obligation of the prosecution to produce *res gestae* witnesses and if they don't, they must be endorsed, and that's all there is to it.

&ast; &ast; &ast;

*"Mr. Andresen.* I think we are all familiar with the provisions of (CLS 1961, § 767.40 [Stat Ann 1968 Cum Supp § 28.980]) which requires the endorsement of *res gestae* witnesses. As I understand, there is only one excuse for not doing so and this is indicated in the late case, 370 Mich 147,[2] the name of which I don't have. 'The failure of the people to call a *res gestae* witness in a prosecution for crime is properly excused where officers made a diligent search for him but were unable to locate him.' This isn't any diligent search."

The prosecution did not ask leave of the trial court to endorse J. W. Mays, but upon direction of the trial court issued a subpoena.

The facts of this case call into question the fairness by which the prosecution proceeded in protecting defendant's substantive rights. J. W. Mays was a temporary summer employee for a St. Clair county fruit and vegetable market, a seasonal business which was "closed down" during the winter when defendant's trial took place (January 10, 1967 to March 10, 1967). We find that the prosecution's failure to endorse J. W. Mays constituted error which could not be cured by a belated, unsuccessful

[2] *People v. Castelli* (1963), 370 Mich 147, 149.

attempt to serve a subpoena on a known transient worker during trial more than 3 months after the filing of the information. This action did not reasonably accord the defendant due process.

Reversed and remanded for new trial.

T. G. KAVANAGH, P. J., and HOLBROOK and BEER, JJ., concurred.