## PEOPLE *v.* SWIFT

ROBBERY—EVIDENCE—WITNESSES—RES GESTAE WITNESSES—DUTY OF PROSECUTION TO CALL.

> Failure of prosecution to call as *res gestae* witnesses three people who arrived at a filling station shortly after an armed robbery occurred there *held,* not reversible error where the persons in question were not eyewitnesses to the crime, their identity was not known to the prosecution, and there was ample evidence that due diligence was exercised by the prosecution to ascertain the identity of the persons in question without success (MCLA § 750.529).

Appeal from Genesee, Stewart A. Newblatt, J. Submitted Division 2 May 6, 1969, at Lansing. (Docket No. 4,319.)   Decided May 26, 1969.

Dorrin E. Swift was convicted of robbery armed. Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Dennis C. Karas,* Assistant Prosecuting Attorney, for the people.

*Allen J. Nelson,* for defendant.

BEFORE: LESINSKI, C. J., and QUINN and DANHOF, JJ.

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 180; 39 Am Jur, New Trial § 38.

Per Curiam. Defendant was found guilty of armed robbery at the conclusion of a jury trial and sentenced to from 7–1/2 to 15 years in prison.[1]

Defendant has appealed alleging that the trial court committed error by refusing to require the prosecution to produce three persons who arrived at the scene of the crime within minutes of its commission.[2]

A review of the record shows that the persons were not eyewitnesses to the crime, nor was their identity known to the prosecution. The testimony of police officers on a separate record provided ample evidence that due diligence was exercised to ascertain the identity of the persons in question. No error has been committed when it is shown that officers have made a diligent search for and have been unable to locate witnesses. *People* v. *Castelli* (1963), 370 Mich 147. The prosecution was under no obligation to produce unknown witnesses. *People* v. *Todaro* (1931), 253 Mich 367.

The other questions raised on appeal do not merit discussion.

Affirmed.

---

[1] MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797).
[2] MCLA § 767.40 (Stat Ann 1969 Cum Supp § 28.980).