PEOPLE v HENDRIX

1. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—ROBINSON
   HEARING—PRODUCTION OF WITNESSES—DUE DILIGENCE.

   A trial judge's finding at a *Robinson* hearing that although the
   prosecutor lacked due diligence in the production of a res
   gestae witness due diligence would not have produced the
   missing witness was error where the prosecution attempted to
   serve the subpoena only two days prior to trial and, had the
   police contacted the witness a reasonable time before trial, she
   would have known not to leave when she did for a two-week
   vacation and would have been available as a witness.

2. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—PRODUCTION
   OF WITNESSES—CUMULATIVE TESTIMONY.

   An exception to the general rule requiring the production of res
   gestae witnesses exists where the testimony of the witness
   would be merely cumulative.

3. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—PRODUCTION
   OF WITNESSES—EVIDENCE—CUMULATIVE TESTIMONY—RELEVANT
   TESTIMONY.

   The testimony of a res gestae witness who was not produced at
   trial would have been relevant and would not have been
   merely cumulative to that of three other witnesses who were
   produced where (1) a defendant was identified by the three
   witnesses as one of the perpetrators of a robbery, (2) there was
   no dispute that the robbery had taken place and therefore only
   the identity of the perpetrators was at issue, (3) the nonpro-
   duced witness had viewed the perpetrator from a unique van-
   tage point, yet was unable to identify the defendant as the
   perpetrator, and (4) the missing witness's nonidentification of
   the defendant would have been in conflict with the identifica-
   tion testimony of those who did testify; therefore, the trial
   judge erred in his conclusion that the witness's testimony
   would have been merely cumulative.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 81 Am Jur 2d Witness § 2.

Appeal from Recorder's Court of Detroit, John P. O'Brien, J. Submitted December 13, 1977, at Detroit. (Docket No. 30564.) Decided January 24, 1978. Leave to appeal applied for.

Bobby J. Hendrix was convicted of assault with intent to rob being armed. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Campbell & McDonald,* for defendant on appeal.

Before: N. J. KAUFMAN, P. J., and BRONSON and D. E. HOLBROOK, JJ.

PER CURIAM. Bobby Jack Hendrix was charged with assault with intent to murder, MCLA 750.83; MSA 28.278 (Count I) and assault with intent to rob being armed, MCLA 750.89; MSA 28.284 (Count II). A jury found him not guilty on Count I and guilty on Count II. He was sentenced to a 10 to 20 year prison term and appealed as of right.

On March 26, 1976, this Court in an unpublished per curiam opinion remanded the case for a *"Robinson* hearing".[1] On July 26, 1976, a *Robinson* hearing was held and the court found that due diligence would not have produced the missing witness and, further, that her testimony in any event would have been cumulative. Defendant appeals as of right from this decision.

The prosecutor's proofs indicated that on February 1, 1974, a Detroit tavern was robbed by three

---

[1] *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973).

armed men. An off-duty Detroit police officer was shot and wounded. The three men escaped. Defendant was arrested the next day. Various employees and patrons of the tavern testified as to the occurrences of February first. Defendant was identified by three of these witnesses. Some witnesses thought the defendant went to the back of the bar and held a gun on the cook and others testified that defendant sat at the bar and pulled out a gun and announced a robbery. Testimony was given by various witnesses that they saw the assailants fire their guns.

During the trial, defense counsel and the prosecutor stipulated that the robbery and assault had taken place and also stipulated that the only issue for the jury was the identity of the criminals.

At trial, the trial judge found that the prosecutor lacked due diligence in the production of the res gestae witness, Mrs. McMichael. The prosecutor admitted this to be true. The trial judge at the *Robinson* hearing found that due diligence would not have produced the missing witness. We do not agree.

The identity of Mrs. McMichael was known to the police and her name was indorsed on the information filed March 11, 1974. It can hardly be said to be a duly diligent effort by the prosecution to attempt to serve the subpoena only two days prior to trial on August 6, 1974. Had the police contacted Mrs. McMichael a reasonable time before trial, she would have known not to leave on August 3, 1974, for a two-week vacation and would have been available as a witness. Therefore, the trial judge erred in finding that due diligence would not have produced the missing witness.

An exception to the general rule requiring production of res gestae witnesses exists when the

testimony of the witness would be merely cumulative. *People v Cornell Harris,* 56 Mich App 267; 224 NW2d 57 (1974), *People v Gordon,* 60 Mich App 412, 416; 231 NW2d 409 (1975), *People v Keefe,* 69 Mich App 431; 245 NW2d 78 (1976).

The issue then becomes whether the testimony of Mrs. McMichael would be cumulative. After listening to the testimony of Mrs. McMichael at the *Robinson* hearing, the trial judge determined that her testimony would have been cumulative. We do not agree.

The cases of *People v Castelli,* 370 Mich 147; 121 NW2d 438 (1963) and *People v Gordon, supra,* are apposite. In *Castelli, supra,* three witnesses testified to a robbery and the robber's flight from the scene. The three corroborated each other in description of the robber and where he ran. According to a police report, another woman sitting in a nearby car told police that at that time and place she, too, saw a man running where the others testified that they had seen him. Her description of the man differed from that of the other witnesses. The Court stated in 370 Mich at 155 in part as follows:

"She was not called as witness by the people nor was her name indorsed on the information. The first that defendant or his counsel heard of her was at trial. The court stated that it did not appear from the police report that the witness had been able to get a good view or more than a fleeting glimpse of the running man or that she would be able to identify him and that, hence, it did not feel that the trial should be delayed so that she could be brought in to testify because it did not appear that her testimony would be helpful to either party. *Inasmuch as identity of the robber was a major issue in the case, the testimony of every witness who could describe him was of utmost importance. If, as the police report indicates, the description by one not called*

*as a witness would be in conflict with that of those who
did testify, defendant was entitled to the benefit thereof
before the jury. Her testimony would not have been
merely cumulative.* Failure to indorse this woman's
name on the information and to produce her at trial
was reversible error." (Emphasis added.) (Citation omit-
ted.)

Thus, in a case practically "on all fours" with the
case at bar, the Michigan Supreme Court con-
cluded the testimony of an additional res gestae
witness as to the identity of a robber, which dif-
fered from that of three other witnesses who had
identified defendant as the robber, was of the
utmost importance, was not cumulative, and her
failure to testify was reversible error.

In *People v Gordon, supra,* the res gestae wit-
ness whom the prosecutor failed to produce was
one of several persons who had the opportunity to
view the perpetrators of an unarmed robbery. The
witness testified at the *Robinson* hearing that he
had witnessed the robbery but at a lineup two
days later he could not identify defendant Gordon
as the perpetrator. This Court stated in part in 60
Mich App at 416:

"There has been no showing by the prosecutor of why
the witness was not endorsed. Although the witness's
testimony concerning the description of the robbery was
cumulative, the fact that he had a favorable vantage
point and yet was unable to subsequently identify the
defendant was relevant testimony."

In the case at bar, defendant was identified as
one of the perpetrators of the robbery by three
witnesses. There was no dispute that the robbery
and assault had taken place; only the identity of
the perpetrators was at issue. The res gestae wit-
ness who was not produced at trial had viewed the

perpetrator from a unique vantage point when she handed him change at the bar, yet she was unable to identify defendant Hendrix as the perpetrator. Her testimony would thus have been relevant and would not have been merely cumulative in that her nonidentification of defendant would be in conflict with that of those who did testify. The trial judge therefore erred in his conclusion that Mrs. McMichael's testimony would have been merely cumulative.

Reversed and remanded.