PEOPLE v HENDRIX (ON REMAND)

Docket No. 47068. Submitted December 13, 1977, at Detroit.—Decided October 16, 1979.

Bobby J. Hendrix was convicted of assault with intent to rob being armed in Recorder's Court of Detroit, John P. O'Brien, J. Defendant appealed. The Court of Appeals in an unpublished per curiam opinion remanded for a "Robinson Hearing" on the issue whether due diligence had been exercised to produce an alleged res gestae witness. On remand, the trial court found that due diligence would not have produced the missing witness but that if she were produced her testimony would have been cumulative. Defendant appealed. The Court of Appeals reversed and remanded for a new trial. 81 Mich App 33 (1978). The people applied for leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, vacated the Court of Appeals decision and remanded the matter to the Court of Appeals for reconsideration in light of Supreme Court criteria on the production of res gestae witnesses. 407 Mich 858 (1979). *Held:*

An examination of the record discloses that the trial court's actions satisfied the Supreme Court criteria and defendant's conviction should be affirmed and reinstated.

Affirmed.

WITNESSES — RES GESTAE WITNESSES — PRODUCTION — EVIDENTIARY HEARING.

The order of inquiry on a possible missing res gestae witness in a criminal trial should be 1) the court shall ascertain whether the claimed missing person is a res gestae witness; 2) if so, the prosecutor shall produce the witness or explain why the witness cannot be produced and why the witness was not indorsed and produced at trial; 3) if the witness is not produced, the court shall determine whether the prosecution was duly diligent in its attempts to produce the witness; 4) if a lack of due diligence is found or if the witness is produced, the court shall ascertain whether the defendant has been prejudiced by the

REFERENCE FOR POINTS IN HEADNOTE
81 Am Jur 2d, Witnesses §§ 2, 3, 5.

failure to produce the witness at trial; 5) if the defendant is found to be prejudiced the court shall fashion an appropriate remedy.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Campbell & MacDonald,* for defendant.

Before: N. J. KAUFMAN, P.J., and BRONSON and D. E. HOLBROOK,* JJ.

ON REMAND

PER CURIAM. Due to the complex path this case has taken through our court system, it is necessary to set forth a short judicial history of what has transpired to date.

Defendant was convicted of assault with intent to rob being armed, MCL 750.89; MSA 28.284, by a Detroit Recorder's Court jury. At trial, the judge found no due diligence had been exercised by the prosecutor to produce a res gestae witness. The prosecutor admitted this fact to be true. Defendant appealed as of right on this res gestae issue.

This Court remanded for a *"Robinson* Hearing". See *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973). The trial court was instructed to determine whether due diligence would still not have produced the missing witness, and whether the testimony of such witness would or would not have been cumulative.

At the *Robinson* hearing the trial court found that due diligence would not have produced the

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

missing witness and that, in any event, her testimony would have been cumulative. Defendant appealed the decision to this Court. We reversed and remanded for a new trial. 81 Mich App 33; 264 NW2d 108 (1978). From our determination, plaintiff applied for leave to appeal to the Supreme Court.

The Supreme Court, in lieu of leave to appeal, vacated this Court's judgment and remanded the matter here for reconsideration in light of *People v Pearson,* 404 Mich 698; 273 NW2d 856 (1979). 407 Mich 858 (1979). This opinion, then, represents our compliance with the Supreme Court order.

*People v Pearson, supra* at 723, sets out criteria for trial courts to follow in future *Robinson* hearings in order to "reach all the issues necessary to dispose of the case". The order of inquiry should be as follows:

"1. The court shall ascertain whether the claimed missing person is a res gestae witness;

"2. If so, the prosecutor shall produce the witness or explain why the witness cannot be produced and why the witness was not indorsed and produced at trial;

"3. If the witness is not produced, the court shall determine whether the prosecution was duly diligent in its attempts to produce the witness;

"4. If a lack of due diligence is found or if the witness is produced, the court shall ascertain whether the defendant has been prejudiced by the failure to produce the witness at trial;

"5. If the defendant is found to be prejudiced the court shall fashion an appropriate remedy."

After a careful examination of the record, we hold that the trial court's actions satisfied the *Pearson* criteria, *supra.* Accordingly, we affirm and reinstate defendant's conviction.

Affirmed.

D. E. HOLBROOK, J., did not participate.