PEOPLE v DAVIS

Docket No. 282994. Submitted May 6, 2009, at Detroit. Decided May 14,
     2009, at 9:05 a.m.

   Michael L. Davis was charged with larceny in a building, but failed to
     appear for his preliminary examination. On May 10, 2007, the
     prosecution received a certified letter from the Department of
     Corrections (DOC) indicating that the defendant was incarcerated.
     The defendant was arraigned on a *capias* order on October 17,
     2007, and bound over for trial in the Wayne Circuit Court
     following a preliminary examination on November 1, 2007. The
     defendant moved for dismissal because of the lack of a speedy trial.
     The court, Carole F. Youngblood, J., dismissed the case, concluding
     that MCL 780.131(1) requires that an inmate be brought to trial
     within 180 days and that the 180-day period had elapsed without
     the defendant's proceeding to trial. The prosecution appealed.

     The Court of Appeals *held*:

     MCL 780.131(1) provides that when the DOC receives notice
     of an untried warrant, indictment, information, or complaint
     pending against an inmate, the inmate must be "brought to trial
     within 180 days after" the DOC gives the prosecution written
     notice of where the inmate is confined and requests final
     disposition of the warrant, indictment, information, or com-
     plaint. The 180-day period begins the day after the prosecution
     receives the notice. MCL 780.133 provides that the court loses
     jurisdiction over the charges if action is not commenced on the
     matter within the 180-day period. MCL 780.131, however, does
     not require that the trial begin or be completed within that
     period. The court retains jurisdiction if the prosecution takes
     good-faith action well within the period and proceeds with
     dispatch toward readying the case for trial. The defendant was
     arraigned on the *capias* order and was bound over for trial
     within 180 days of the prosecution's receiving notice from the
     DOC of the defendant's incarceration. Given the prosecution's
     good-faith efforts to proceed promptly with pretrial proceed-
     ings, the trial court erred by dismissing the case.

     Reversed and remanded for further proceedings.

PRISONS AND PRISONERS — 180-DAY RULE — TRIAL OF INMATES ON PENDING
CHARGES — PROSECUTING ATTORNEY'S DUTY UNDER 180-DAY RULE.

> When the Department of Corrections receives notice of an untried
> warrant, indictment, information, or complaint pending against an
> inmate, the inmate must be "brought to trial within 180 days after"
> the department gives the prosecution written notice of where the
> inmate is confined and requests final disposition of the warrant,
> indictment, information, or complaint; the 180-day period begins the
> day after the prosecution receives the notice, and the court loses
> jurisdiction over the charges if action is not commenced on the matter
> within that period; the statute, however, does not require that the
> trial begin or be completed within that period; rather, the court
> retains jurisdiction if the prosecution takes good-faith action well
> within the period and proceeds with dispatch toward readying the
> case for trial (MCL 780.131[1], 780.133).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, and *Timothy A. Baughman*, Chief of Research, Training, and Appeals, for the people.

*Gayle Fort Williams* for the defendant.

Before: SERVITTO, P.J., and O'CONNELL and ZAHRA, JJ.

O'CONNELL, J. The prosecution appeals as of right a December 18, 2007, order of dismissal for a violation of the statutory 180-day rule, MCL 780.131. We reverse and remand.

Defendant was charged with larceny in a building, MCL 750.360, for an offense that occurred on August 26, 2006. The complaint was filed and the warrant authorized on September 20, 2006. Defendant was arraigned on October 16, 2006, and a preliminary examination was scheduled for October 26, 2006. Defendant failed to appear, and a *capias* order was entered.

On May 10, 2007, the prosecution received a certified letter from the Department of Corrections (DOC) informing it that defendant was incarcerated with the

DOC. Defendant was arraigned on the *capias* order on October 17, 2007. On November 1, 2007, the preliminary examination was held, and defendant was bound over for trial. He was arraigned in circuit court a week later. The trial court scheduled a final pretrial conference for December 18, 2007, and scheduled the trial for January 14, 2008.

On December 13, 2007, defendant moved to dismiss for lack of a speedy trial. He alleged that he was arrested in August 2006 and had been incarcerated since his arrest.[1] He further alleged that he was prejudiced by the delay in proceeding to trial, a delay for which he was not responsible, because "some evidence is no longer available to aid in his defense."

The prosecution interpreted the motion as one to dismiss for a violation of the 180-day rule, MCL 780.131, and asserted that the statute "doesn't require the trial itself commence within 180 days, but that the process to bring the defendant to trial begin within the statutory period." The prosecution asserted that it received notice of defendant's incarceration from the DOC on or about May 11, 2007, and that defendant was arraigned within the next 180 days. On December 18, 2007, the trial court held that because the statute specifically requires that an inmate "be brought to trial within 180 days" and the 180-day period had elapsed without defendant's proceeding to trial, dismissal was required.

MCL 780.131(1) states:

> Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against

---

[1] The reason for his incarceration is unclear from the lower court record.

any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner. The written notice and statement shall be delivered by certified mail.

The 180-day period begins on the day after the prosecution receives notice that the defendant is incarcerated and awaiting trial on pending charges. *People v Williams*, 475 Mich 245, 256 n 4; 716 NW2d 208 (2006).

In this case, the prosecution received notice in May 2007, and the 180-day period expired the following November. MCL 780.133 provides that the court loses jurisdiction over the charges if action is not commenced on the matter within the 180-day period:

In the event that, within the time limitation set forth in [MCL 780.131], action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

On appeal, the prosecution claims that the trial court erred when it dismissed the pending charge against defendant because it commenced the prosecution of the charge within 180 days of receiving notice of defen-

dant's incarceration from the DOC, satisfying the requirements of MCL 780.131 and MCL 780.133. We agree. Our Supreme Court directly addressed this question in *People v Hendershot*, 357 Mich 300; 98 NW2d 568 (1959), when it reconciled the provision in MCL 780.131 that requires that a prisoner be brought to trial within 180 days with the provision in MCL 780.133 that requires dismissal of criminal charges only if action has not been commenced within 180 days. The *Hendershot* Court stated:

> It is to be noted that, while [MCL 780.131] directs that the inmate "shall be brought to trial" within 180 days, the statute does not deprive the court of jurisdiction and require dismissal unless "action is not commenced on the matter" within that period.
>
> The language of [MCL 780.131] is not that the inmate shall be "tried" or that his "trial shall commence" within 180 days, but, instead, that he "shall be brought to trial" within that time. The legislative intent and meaning in its use of the term "brought to trial" is to be gathered from the entire act. [MCL 780.133]'s provision for action to be commenced on the matter within the mentioned time throws strong light on the question. Clearly, if no action is taken and no trial occurs within 180 days, the statute applies. If some preliminary step or action is taken, followed by inexcusable delay beyond the 180-day period and an evident intent not to bring the case to trial promptly, the statute opens the door to a finding by the court that good-faith action was not commenced as contemplated by [MCL 780.133], thus requiring dismissal. The statute does not require the action to be commenced so early within the 180-day period as to insure trial or completion of trial within that period. If, as here, apparent good-faith action is taken well within the period and the people proceed promptly and with dispatch thereafter toward readying the case for trial, the condition of the statute for the court's retention of jurisdiction is met. When the people have moved the case to the point of readiness for trial and stand

> ready for trial within the 180-day period, defendant's delaying motions, carrying the matter beyond that period before the trial can occur, may not be said to have brought the statute into operation, barring trial thereafter. [*Id.* at 303-304.]

The trial court held that *Williams* supported its determination that dismissal of the charge against defendant was warranted because the prosecution had failed to bring defendant to trial within 180 days of receiving notice of his incarceration from the DOC. However, we note that *Williams* did not address the direct question at issue in this case. In *Williams*, our Supreme Court held that a version of MCR 6.004(D) adopted in 1989 to codify its interpretation of the 180-day rule in *People v Hill*, 402 Mich 272; 262 NW2d 641 (1978), *Hendershot*, and *People v Castelli*, 370 Mich 147; 121 NW2d 438 (1963), was "invalid to the extent that it improperly deviated from the statutory language." *Williams*, *supra* at 259. Our Supreme Court overruled its earlier holdings in *Hill* and *Castelli*, stating:

> MCR 6.004(D) was adopted in 1989 to codify, with two exceptions, this Court's interpretation of the 180-day-rule statute in [*Hill, Hendershot*], and dictum in [*Castelli*]. We hold that this version of MCR 6.004(D) was invalid to the extent that it improperly deviated from the statutory language. This Court's holding in *Hill, supra,* and its dicta in *Castelli, supra,* along with the portion of the court rule implementing these holdings, improperly expanded the scope of the 180-day-rule statute by requiring the prosecutor to bring a defendant to trial within 180 days of the date that the Department of Corrections knew or had reason to know that a criminal charge was pending against the defendant. MCR 6.004(D)(1)(b). This language does not appear in the statute. The statutory trigger is notice to the prosecutor of the defendant's incarceration and a departmental request for final disposition of the pending charges.

> The statute does not trigger the running of the 180-day period when the Department of Corrections actually learns, much less should have learned, that criminal charges were pending against an incarcerated defendant. We decline to read such nonexistent language into the statute. *American Federation of State, Co & Muni Employees v Detroit*, 468 Mich 388, 412; 662 NW2d 695 (2003). We overrule *Hill, supra,* and *Castelli, supra,* to the extent that they are inconsistent with MCL 780.131. [*Id.*]

Questions concerning when the DOC knew or had reason to know of pending criminal charges against a defendant were not addressed in *Hendershot* and are not applicable in this case. Further, our Supreme Court expressly declined to overrule *Hendershot* in *Williams* or any other case. Accordingly, *Hendershot* remains good law.

Therefore, because the prosecution commenced the action within 180 days of receiving notice of defendant's incarceration from the DOC, the trial court has not lost jurisdiction of the case and erred when it entered an order dismissing the case, even though a trial had not occurred by the 180-day mark. The prosecution made good-faith efforts to proceed promptly with pretrial proceedings; defendant was arraigned on the *capias* order on October 17, 2007, and was bound over for trial following the preliminary examination in November 2007. Further, trial would have been quickly forthcoming—a final pretrial conference was scheduled for December 18, 2007, and the trial was scheduled to begin in January 2008.

There is no indication that any delay in bringing defendant to trial was inexcusable or demonstrated an intent not to promptly bring the case to trial. To the contrary, it appears that the prosecution intended to bring the case to trial in a timely manner. The prosecution commenced proceedings in this case within the

180-day period and promptly proceeded to prepare the case for trial, making the necessary good-faith steps to satisfy the requirements of MCL 780.131 and MCL 780.133 as set forth in *Hendershot*. Therefore, the trial court did not lose jurisdiction of the case, and its dismissal of this case was in error.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.