PEOPLE *v.* HILL

1. CRIMINAL LAW—UNTRIED CHARGES—DISPOSITION—COURTS—JURISDICTION.

> The statute which requires that an inmate of a penal institution be brought to trial within 180 days after the Department of Corrections sends to a prosecuting attorney a request for final disposition of untried charges does not require action to be commenced so early within the 180-day period as to insure trial or completion of trial within that period, and a court's jurisdiction is retained if good-faith action is taken well within that period and the people proceed promptly and with dispatch thereafter toward readying the case for trial (MCLA §§ 780-.131, 780.133).

2. CRIMINAL LAW—UNTRIED CHARGES—DISPOSITION—COURTS—JURISDICTION.

> Trial court did not lose jurisdiction of a criminal action against an inmate of a penal institution where good-faith action was taken within the statutory 180-day period to dispose of an untried charge of assault with intent to murder and the case moved toward trial when it was adjourned for the practical reason of disposing of a charge of murder in the first degree (MCLA § 750.83).

3. CRIMINAL LAW—EVIDENCE—WEAPONS.

> Testimony at a defendant's trial for assault with intent to murder that two hours before the offense defendant was in possession of a revolver similar to the one found at the scene of the crime was properly admitted (MCLA § 750.83).

4. SEARCHES AND SEIZURES—PREMISES—POSSESSION.

> Immunity to illegal searches and seizures is a personal privilege available only to the person in possession or with the right of possession of the premises searched.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 241–256.
[3] 29 Am Jur 2d, Evidence § 288.
[4] 47 Am Jur, Searches and Seizures § 11.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 December 2, 1969, at Detroit. (Docket No. 4,393.) Decided February 25, 1970.

James Renard Hill was convicted of assault with intent to murder. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer, and *Patricia J. Pernick*, Assistant Prosecuting Attorney, for the people.

*Emmett S. Long*, for defendant.

Before: R. B. BURNS, P. J., and HOLBROOK and V. J. BRENNAN, JJ.

R. B. BURNS, P. J. Defendant was convicted by a jury of assault with intent to murder. MCLA § 750.83. (Stat Ann 1962 Rev § 28.278). Defendant appeals, claiming that the trial court did not have jurisdiction to hear the case as defendant was not brought to trial within 180 days after being imprisoned in a state penal institution, that the prosecution introduced evidence of other offenses not connected to the crime charged, and that evidence was admitted that was obtained as a result of an illegal search and seizure.

MCLA § 780.131 (Stat Ann 1969 Cum Supp §.28.969[1]) provides in part:

"Whenever the department of corrections shall receive notice there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a

prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint."

MCLA § 780.133 (Stat Ann 1969 Cum Supp § 28.969[3]) states:

"In the event that, within the time limitation set forth in § 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

In *People* v. *Hendershot* (1959), 357 Mich 300, 303, 304 the Court stated:

"Clearly, if no action is taken and no trial occurs within 180 days, the statute applies. If some preliminary step or action is taken, followed by inexcusable delay beyond the 180-day period and an evident intent not to bring the case to trial promptly, the statute opens the door to a finding by the court that good-faith action was not commenced as contemplated by § 3, thus requiring dismissal. The statute does not require the action to be commenced so early within the 180-day period as to insure trial or completion of trial within that period. If, as here, apparent good-faith action is taken well within the period and the people proceed promptly and with dispatch thereafter toward readying the case for trial, the condition of the statute for the court's retention of jurisdiction is met."

A review of the record in the instant case shows the following facts.

Defendant was arrested on the charge of assault with the intent to commit murder on January 17, 1966, and was arraigned on January 18, 1966.

January 20, 1966, defendant was arraigned on the charge of robbery armed to which he pled guilty April 19, 1966, and was sentenced to the state prison for a term of 5 to 10 years.

January 21, 1966, defendant was arraigned on a charge of murder, first degree.

A preliminary examination was held in the instant case on February 8, 1966, and a pretrial conference was set for March 31, 1966. The pretrial conference was adjourned, but was held on April 14, 1966.

The pretrial record shows that with counsel present the presiding judge wrote the following comment: "Murder first case pending—this case to be adj. until after—File No. A 128508."

The defendant was acquitted February 6, 1967, on the charge of murder first degree, the file No. 128508.

The trial in the instant case was started March 28, 1967.

Good-faith action was taken within the 180-day period and the case moved toward trial when it was adjourned for the practical reason of disposing of the charge of murder first degree. No objection by defendant appears on the record. We hold the trial court did not lose jurisdiction.

Defendant contends the court erred by allowing the prosecution to submit testimony that the defendant was seen approximately two hours before the alleged offense in possession of a revolver similar to the one found at the scene of the crime. The prosecution did not ask, nor was testimony given,

as to the location where the witness saw the defendant, or that the defendant did not have a permit for the gun. The court did not err by admitting the testimony.

Lastly, defendant claims that the court erred by permitting the prosecution to introduce a bloodstained coat found in a bedroom closet at the residence where the defendant was arrested. Defendant was arrested in the bathroom and contends that the search beyond the bathroom was in violation of his constitutional rights. Defendant was arrested at 2408 Clairmount and the record does not show who had control or possession of the premises. However, defendant's application for the appointment of counsel for appellate review shows his last address to be the same as his mother's address, 2952 Ewald Circle. This Court, in *People* v. *Hale* (1967), 7 Mich App 127, held the immunity to illegal searches and seizures was a personal privilege available only to the person in possesssion or with the right of possession of the premises searched.

Affirmed.

HOLBROOK, J., concurred.

V. J. BRENNAN, J., did not participate.