PEOPLE v HILL

Docket No. 55430. Argued February 5, 1976 (Calendar No. 2).—Decided February 27, 1978.

James R. Hill was convicted by a jury in Recorder's Court of Detroit, Robert J. Colombo, J., of assault with intent to commit murder. The defendant was arraigned on the assault charge January 18, 1966, and within three days he was arraigned on another warrant charging armed robbery and a third charging felony murder. The defendant's trial on the assault charge was adjourned until after the murder trial and he was convicted, on his plea of guilty, of unarmed robbery in the third case and committed to the Department of Corrections to serve 5 to 15 years in prison. The defendant was acquitted of the murder charge in February, 1967, and the prosecution sought a trial on the assault charge over one year after the arraignment. Defendant's motion to quash the assault information because more than 180 days had elapsed was denied. The Court of Appeals, R. B. Burns, P. J. (Holbrook, J., concurring, and V. J. Brennan, J., not participating), affirmed (Docket No. 4393). Defendant appeals. *Held:*

1. The "180-day rule" of the statute is an effort by the Legislature to secure to state prison inmates their constitutional right to a speedy trial. The statutory period begins with the coincidence of either of conditions 1 or 2, below, and condition 3:

(1) The issuance of a warrant, indictment or complaint against a person incarcerated in a state prison or under detention in any local facility awaiting incarceration in any state prison; or

(2) The incarceration of a defendant in a state prison or the

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 21 Am Jur 2d, Criminal Law § 249.
[1–10] Waiver or loss of accused's right to speedy trial. 57 ALR2d 302.
[2] 21 Am Jur 2d, Criminal Law § 254.
[3, 4, 7] 21 Am Jur 2d, Criminal Law § 251.
[5] 21 Am Jur 2d, Criminal Law § 546.
[8] 21 Am Jur 2d, Criminal Law § 253.
[10] 21 Am Jur 2d, Criminal Law § 241 *et seq.*

detention of a defendant in a local facility to await such incarceration when there is an untried warrant, indictment, information or complaint pending against such defendant; and

(3) The prosecutor knows or should know that the defendant is so incarcerated when the warrant, indictment, information or complaint is issued or the Department of Corrections knows or should know that a warrant, indictment, or complaint is pending against one in their custody.

2. Law-enforcement officials have a duty to see that state prison inmates are brought to trial on outstanding warrants in good faith within 180 days. There is no requirement that a defendant's trial be concluded within 180 days but rather that the prosecution take good-faith action within that time to ready the case for trial.

3. There is no constitutional or statutory impediment inherent in prosecuting unrelated offenses against the same defendant at consecutive trials. Defendant, in fact, had a right to separate trials. Delay which results from other proceedings against a defendant will not necessarily constitute a violation of the 180-day statute. The record shows that the trial judge denied the defendant's motion to quash the information without the prosecutor establishing good-faith action to bring the matter to trial, apparently holding that adjournment to permit another trial was reasonable per se without regard to whether the intervening trial was unreasonably delayed. The Supreme Court does not agree that the delay was necessarily reasonable, and remands for the purpose of establishing its reasonableness and that the prosecutor took the required good-faith action.

4. The factors to be balanced in determining whether or not a defendant has been denied the right to speedy trial are: length of delay, reason for delay, defendant's assertion of the right, and prejudice to the defendant. The 343-day delay in bringing the defendant to trial in the instant case because of the intervening murder trial without any evidence that he demanded trial or was prejudiced by the delay will not support a conclusion that the defendant was denied his constitutional right to a speedy trial.

5. Leave to appeal additional questions on the propriety of the instructions to the jury was improvidently granted because the defendant raised no objection to the instructions at trial, in the Court of Appeals, or in his application for leave to appeal. The defendant did not preserve his right to appeal.

Justice Ryan, joined by Justice Coleman, agreed that the 180-day rule was not violated but dissented from the judicial creation of three new conditions for triggering the running of

the 180-day period. The statute is unambiguously plain on its face as an expression of legislative will that in certain cases the prosecuting attorney has the duty to bring an inmate of a penal institution to trial on an untried charge within 180 days. To rewrite the statute because it does not speak of those cases where the appropriate law enforcement officials *should have known* of pending untried charges is entirely beyond the Court's authority. There are other means to assure prompt disposition of pending criminal charges against a prison inmate, not the least of which is the accused's constitutional right to a speedy trial.

Remanded to the trial court for augmentation of the record on the issue of the prosecutor's good-faith action on the 180-day issue.

22 Mich App 91; 177 NW2d 226 (1970) modified.

### OPINION OF THE COURT

1. CRIMINAL LAW—SPEEDY TRIAL—INMATES—COMMENCEMENT OF PROCEEDINGS—180-DAY RULE.

   The "180-day rule" of the statute which controls the time for commencing a criminal prosecution against a person serving a prison sentence is an effort by the Legislature to secure to state prison inmates their constitutional right to a speedy trial (US Const, Am VI; Const 1963, art 1, § 20; MCL 780.131 *et seq.;* MSA 28.969[1] *et seq.).*

2. CRIMINAL LAW—SPEEDY TRIAL—INMATES—COMMENCEMENT OF PROCEEDINGS—180-DAY RULE.

   The 180-day statutory period which controls the time for commencing a criminal prosecution against a prison inmate on outstanding warrants begins with the coincidence of either of following conditions 1 or 2 and condition 3: (1) the issuance of a warrant, indictment or complaint against a person incarcerated in a state prison or under detention in any local facility awaiting incarceration in any state prison; or (2) the incarceration of a defendant in a state prison or the detention of such defendant in a local facility to await such incarceration when there is an untried warrant, indictment, information or complaint pending against such defendant; and (3) the prosecutor knows or should know that the defendant is so incarcerated when the warrant, indictment, information or complaint is issued or the Department of Corrections knows or should know that a warrant, indictment, or complaint is pending against one in their custody. (MCL 780.131 *et seq.;* MSA 28.969[1] *et seq.).*

3. CRIMINAL LAW—SPEEDY TRIAL—INMATES—COMMENCEMENT OF PRO-
CEEDINGS—180-DAY RULE.

Law enforcement officials have a duty to see that state prison
inmates are brought to trial on outstanding warrants in good
faith within 180 days (MCL 768.1, 780.131 *et seq.;* MSA
28.969[1] *et seq.,* 28.1024).

4. CRIMINAL LAW—SPEEDY TRIAL—INMATES—COMMENCEMENT OF PRO-
CEEDINGS—180-DAY RULE.

There is no requirement that a trial of an outstanding warrant
against a defendant who is a state prison inmate be concluded
within 180 days but rather that the prosecution take good faith
action within that time to ready the case for trial (MCL 768.1,
780.131 *et seq.;* MSA 28.969[1] *et seq.,* 28.1024).

5. CRIMINAL LAW—SEPARATE TRIALS—UNRELATED CHARGES.

There is no constitutional or statutory impediment inherent in
prosecuting unrelated offenses against the same defendant at
consecutive trials; a defendant, in fact, has a right to separate
trials on such charges.

6. CRIMINAL LAW—SPEEDY TRIAL—INMATES—COMMENCEMENT OF PRO-
CEEDINGS—180-DAY RULE.

Delay in commencement of criminal proceedings against a state
prison inmate which results from other proceedings against the
same defendant will not necessarily constitute a violation of
the 180-day statute (MCL 780.131 *et seq.;* MSA 28.969[1] *et
seq.*).

7. CRIMINAL LAW—SPEEDY TRIAL.

The factors to be balanced in determining whether or not a
defendant has been denied the right to a speedy trial are:
length of delay, reason for delay, defendant's assertion of the
right, and prejudice to the defendant (US Const, Am VI; Const
1963, art 1, § 20; MCL 768.1; MSA 28.1024).

8. CRIMINAL LAW—SPEEDY TRIAL—SEPARATE TRIALS.

A 343-day delay in bringing a defendant to trial because of an
intervening trial on an unrelated charge did not violate the
defendant's right to a speedy trial where there was no evidence
that he demanded trial or was prejudiced by the delay (US
Const, Am VI; Const 1963, art 1, § 20; MCL 768.1; MSA
28.1024).

OPINION CONCURRING IN PART AND DISSENTING IN PART BY RYAN, J.

COLEMAN, J.

9. CRIMINAL LAW—SPEEDY TRIAL—INMATES—COMMENCEMENT OF PRO-
CEEDINGS—180-DAY RULE.

*The "180-day rule" of the statute which controls the time for*

*commencing certain criminal prosecutions against a person
serving a prison sentence is unambiguously plain on its face as
an expression of legislative will that in certain cases described
in the statute the prosecuting attorney has a duty to bring the
accused inmate to trial within 180 days (MCL 780.131 et seq.;
MSA 28.969[1] et seq.).*

10. CRIMINAL LAW—SPEEDY TRIAL—INMATES—COMMENCEMENT OF
PROCEEDINGS—180-DAY RULE.

*It is beyond the authority of the Court to rewrite the "180-day
rule" for prosecution of prison inmates to include those cases
where law enforcement officials should have known of the
pendency of untried charges against a person serving a prison
sentence; there are other means to assure prompt disposition of
pending criminal charges, not the least of which is the ac-
cused's constitutional right to a speedy trial (US Const, Am VI;
Const 1963, art 1, § 20; MCL 768.1, 780.131 et seq.; MSA
28.969[1] et seq., 28.1024).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training & Appeals, and *Rob-
ert A. Reuther,* Assistant Prosecuting Attorney,
for the people.

*State Appellate Defender Office* (by *Barbara L.
Betsey)* for defendant.

KAVANAGH, C. J. Defendant was convicted by a
jury of assault with intent to commit murder,
MCLA 750.83; MSA 28.278 on March 28, 1967 in
Detroit Recorder's Court. His appeal to the Court
of Appeals raised three issues: violation of the 180-
day rule; the improper admission of certain testi-
mony into evidence; and a violation of his Fourth
Amendment right to be free from unreasonable
search and seizure. The Court of Appeals affirmed
defendant's conviction, 22 Mich App 91; 177 NW2d
220 (1970). We granted leave to appeal to decide
whether or not there had been a violation of the

180-day rule and later granted the appellate defender's request to brief and argue three additional issues with respect to instructions given at defendant's trial. We remand for augmentation of record.

## THE FACTS

On January 18, 1966 defendant was arraigned on the instant charge of assault with intent to commit murder. This charge arose out of an incident on January 17, 1966, in which a police officer was shot. On January 19, 1966, while defendant was in custody, a complaint was filed, a warrant issued, and defendant was arraigned on a second charge of robbery armed. On January 21, 1966, following the filing of a complaint and issuance of a warrant, defendant was arraigned on a third charge of first-degree murder. Disposition of these three distinct cases, each arising out of separate incidents, occurred as follows:

*Robbery armed:* On April 15, 1966 the defendant pled guilty to robbery unarmed and on April 19, 1966 he received a sentence of 5 to 15 years imprisonment, and was delivered to the Department of Corrections.

*Murder, first degree:* Following two pretrial hearings and one adjournment defendant was brought to trial on the murder charge on February 1, 1967, 12 months after his arraignment. On February 6, 1967 defendant was acquitted.

*Assault with intent to commit murder:* On February 27, 1967, over one year after arraignment and before trial commenced on the assault with intent to murder charge, defendant brought a motion to quash the information alleging violation of the 180-day rule. On February 28, 1967, the trial judge

denied defendant's motion finding that since the delay resulted from the intervening murder trial, the prosecutor had brought defendant to trial on the instant charge in good-faith compliance with the 180-day rule, MCLA 780.131; MSA 28.969(1). Following one adjournment on March 14, 1967, defendant was tried by a jury and convicted of assault with intent to commit murder on March 28, 1967. On April 14, 1967, defendant was sentenced to 50 to 75 years imprisonment.

## I. 180-Day Rule

Defendant contends that the trial court was divested of its jurisdiction under MCLA 780.131 *et seq.;* MSA 28.969(1) *et seq.* when trial in the instant case commenced 343 days after defendant's delivery to the state prison on another unrelated conviction.

The act provides in pertinent part:

"Sec. 1. Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the pris-

oner. The written notice and statement provided herein
shall be delivered by certified mail.

"Sec. 2. The department of corrections shall notify
each prisoner of any request forwarded under the provi-
sions of section 1 of this act.

"Sec. 3. In the event that, within the time limitation
set forth in section 1 of this act, action is not com-
menced on the matter for which request for disposition
was made, no court of this state shall any longer have
jurisdiction thereof, nor shall the untried warrant, in-
dictment, information or complaint be of any further
force or effect, and the court shall enter an order
dismissing the same with prejudice."

This Court has addressed the issue of compliance
with this statute in only two cases: *People v Hen-
dershot,* 357 Mich 300; 98 NW2d 568 (1959), and
*People v Castelli,* 370 Mich 147; 121 NW2d 438
(1963).

In *Hendershot, supra,* defendant was sentenced
to a term in a state prison pursuant to his convic-
tion for manslaughter. The prosecutor filed a de-
tainer notifying the Department of Corrections of
an outstanding warrant for carrying a concealed
weapon. Almost seven years later, when defendant
was about to be released, the Department of Cor-
rections served notice upon the prosecuting attor-
ney requesting that action be taken toward final
disposition of the untried concealed weapons
charge. The prosecutor prepared the case for trial
but defendant's pretrial motions delayed the ac-
tual trial beyond 180 days from the date of receipt
of notice by the prosecutor. This Court held that
the prosecutor's good-faith action in promptly
readying the case for trial satisfied the statutory
requirement of bringing the case to trial within
180 days from receipt of notice. The trial court
was not, therefore, divested of jurisdiction under
MCLA 780.133; MSA 28.969(3).

In *Castelli, supra,* this Court held that the 180-day period could not begin to run until a defendant was delivered to state prison authorities. Dictum in *Castelli* suggests that once defendant was delivered to state prison, the Department of Corrections would be charged with a duty to serve the prosecutor with notice to begin proceedings within 180 days.

"In this case the department of corrections never did notify the prosecuting attorney of Oakland county of defendant's imprisonment or request disposition of the information. However, inasmuch as defendant was not delivered to the department and to State prison until March 3, 1961, no duty could have reposed on the department to do so before that date. 180 days thereafter had not yet expired when, on August 25, 1961, the Oakland county prosecuting attorney commenced proceedings, under the *Hendershot* holding, by habeas corpus to bring defendant before the magistrate for examination. Jurisdiction to try defendant, accordingly, was not lost and he is not entitled to discharge on the ground just considered." 370 Mich 153.

Therefore, while the defendant in *Castelli* was already in the custody of county authorities when a warrant charging an unrelated offense was issued, the 180 days did not commence until he was delivered to state prison authorities. This Court held that prosecution was timely under *Hendershot.*

We read MCLA 780.131 *et seq.;* MSA 28.969(1) *et seq.* as an effort to secure to state prison inmates their constitutional right to a speedy trial.

We hold that the statutory period begins with the coincidence of either conditions 1 or 2 and condition 3:

1) The issuance of a warrant, indictment or complaint against a person incarcerated in a state

prison or under detention in any local facility awaiting incarceration in any state prison;

2) The incarceration of a defendant in a state prison or the detention of such defendant in a local facility to await such incarceration when there is an untried warrant, indictment, information or complaint pending against such defendant; and

3) The prosecutor knows or should know that the defendant is so incarcerated when the warrant, indictment, information or complaint is issued or the Department of Corrections knows or should know that a warrant, indictment, or complaint is pending against one sentenced to their custody.

We so hold because we are confident that the Legislature which drafted the 180-day rule did not intend to empower law-enforcement officials to defeat this statutory protection afforded to defendants by failing or refusing to serve formal notice. Our holding imposes a duty upon all law-enforcement officials to see that state prison inmates are brought to trial on outstanding warrants in good faith within 180 days.

We have held that defendant's trial need not be concluded within 180 days, but that the prosecution must take good-faith action within that time to ready the case for trial. *People v Hendershot,* 357 Mich 300; 98 NW2d 568 (1959).

In the instant case, defendant was arraigned promptly after the warrant was issued, but the trial was delayed to allow the trial of another unrelated charge against the defendant. More than 180 days elapsed from the time of the charge and trial on it, but that does not determine the issue.

There is no constitutional or statutory impedi-

ment inherent in prosecuting unrelated offenses against the same defendant at consecutive trials. Defendant, in fact, had a right to separate trials. See *People v Tobey,* 401 Mich 141; 257 NW2d 537 (1977). Delay which results from other proceedings against the defendant will not necessarily constitute a violation of the 180-day statute.

Delay reasonably necessary to try an intervening case will not militate against a finding of good-faith action.

This record shows that defendant raised the question of compliance with the 180-day statute by a motion to quash the information. The trial judge denied the motion without the prosecutor establishing good-faith action to bring this matter to trial, apparently holding that adjournment of trial to permit another trial was reasonable per se and adequate compliance with the statute without regard to whether the intervening trial was unreasonably delayed. We do not agree that the delay here was necessarily reasonable, and accordingly remand for the purpose of establishing its reasonableness and that the prosecutor took the required good-faith action to ready this case for trial.

Defendant also argues that the delay here violated his right to a speedy trial. A defendant's constitutional right to a speedy trial is legislatively observed in both the 180-day statute, which specifically addressed speedy trial rights of those already incarcerated in state prison, and more generally in MCLA 768.1; MSA 28.1024:

"Sec. 1. The people of this state and persons charged with crime are entitled to and shall have a speedy trial and determination of all prosecutions and it is hereby made the duty of all public officers having duties to perform in any criminal case, to bring such case to a final determination without delay except as may be

necessary to secure to the accused a fair and impartial trial."

We are bound by the above statutory provisions as well as by the Federal and our own case law construing the right. This Court has adopted the Federal standards for a speedy trial enunciated by the United States Supreme Court in *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972). Recently, in *People v Hall,* 391 Mich 175; 215 NW2d 166 (1974), we restated the principles. The factors to be balanced in determining whether or not a defendant has been denied the right to a speedy trial are: (1) length of delay, (2) reason for delay, (3) defendant's assertion of the right, and (4) prejudice to the defendant.

Here the delay of 343 days for the purpose of trying another charge against this defendant without any evidence that he demanded trial or was prejudiced by the delay, will not support a conclusion that defendant was denied his constitutional right to a speedy trial.

## II. JURY INSTRUCTIONS

On July 2, 1975, this Court granted defendant's motion to brief and argue additional issues challenging the propriety of the jury instructions. We granted leave to appeal these issues improvidently because defendant raised no objection to the instructions at trial, in the Court of Appeals, or in his application to this Court. Defendant consequently did not preserve his right to appeal and we will not review the alleged error.

Remanded to the trial court for establishment of record to support the trial court's finding of the prosecutor's good-faith action to bring this matter to trial within 180 days.

Williams, Levin, and Fitzgerald, JJ., concurred with Kavanagh, C. J.

Ryan, J. *(concurring in part, dissenting in part).* I agree that there was no violation of the provisions of MCLA 780.131; MSA 28.969(1) and that the defendant's conviction of assault with intent to commit murder should be affirmed.

However, I dissent from the Court's action in judicially creating three new conditions which in future cases, if found to exist in the announced combination, will trigger the running of the 180-day period.

MCLA 780.131; MSA 28.969(1), which has come to be known in the lexicon of criminal jurisprudence of this state as the 180-day rule, is unambiguously plain on its face. It is an expression of legislative will that in those cases in which the specific circumstances delineated in the statute obtain, there is a duty imposed upon the prosecuting attorney to bring an accused person to trial within 180 days. The essentially operative conditions precedent to the commencement of the running of the 180 days are: 1) that the Department of Corrections shall receive notice that there is pending in this state an untried warrant, indictment, information or complaint, 2) against an inmate of a penal institution, 3) that the untried warrant, indictment, information or complaint sets forth a criminal offense for which a sentence of imprisonment is authorized, 4) that the Department of Corrections causes written notice of the place of the inmate's imprisonment to be delivered to the prosecutor of the county wherein the charge is pending, and 5) the Department of Corrections requests a final disposition of the pending case.[1]

---

[1] The concluding sentences of the statute describe additional infor-

There is no justification for a judicial rewriting of this statute simply because the legislative mandate of trial within 180 days does not speak to those cases in which none of the required notices are given, but it is concluded that the prosecuting attorney *should have known* of the inmate's status or the Department of Corrections *should have known* of the pendency of the untried charges. That is an undertaking entirely beyond our authority.

There are other means to assure prompt disposition of pending criminal charges against a prison inmate in this state, not the least of which is recognition of an accused person's right to speedy trial. US Const, Am VI; Const 1963, art 1, § 20; MCLA 768.1; MSA 28.1024.

The Court's understandable concern that the statute in question may be insufficient to meet a factual situation which may arise in another case on another day should be addressed when that case is before us, not in the abstract fashion of today's dictum.

COLEMAN, J., concurred with RYAN, J.

BLAIR MOODY, JR., J., took no part in the decision of this case.

---

mation which is to be included in the notice to be delivered by the Department of Corrections, to wit:

"The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail."