PEOPLE v WRIGHT

Docket No. 31512. Submitted June 22, 1978, at Detroit.—Decided
    March 20, 1979.

Arnold Wright was convicted of aiding and abetting the delivery
    of heroin, Recorder's Court of Detroit, John P. O'Brien, J. At
    the time of the defendant's trial on the above charge, he was
    serving a prison sentence for a conviction on a different charge
    stemming from the police investigation of the defendant's
    suspected trafficking in heroin. The defendant's trial on the
    aiding and abetting charge was delayed by the prosecution. The
    defendant appeals alleging, among other things, that because
    the prosecution failed to bring him to trial on the aiding and
    abetting charge within the 180-day period prescribed by statute
    for bringing a state prison inmate to trial on an outstanding
    charge, the circuit court lost jurisdiction to try the case and the
    charge must be dismissed. *Held:*

    The prosecution did delay more than 180 days in proceeding
    to trial with the case against the defendant on the aiding and
    abetting charge. Thus, since the defendant was incarcerated
    *during this time and the Department of Corrections knew or
    had reason to know of the charges against the defendant and
    since the record does not show that the prosecution made a
    good faith effort to proceed with the trial or that the defendant
    caused the delay in proceeding to trial the charges against the
    defendant should be dismissed.

    Reversed and remanded to the trial court for entry of an
    order of dismissal with prejudice.

1. CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF
    PROCEEDINGS — 180-DAY RULE — SANCTIONS — STATUTES.

    Law enforcement officials have a duty to see that state prison
    inmates are brought to trial on outstanding warrants in good
    faith within 180 days; the sanction for violation of this duty is

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 21 Am Jur 2d, Criminal Law §§ 246, 249, 254.
[3] 21 Am Jur 2d, Criminal Law § 157.
[4, 5] 21 Am Jur 2d, Criminal Law § 253.
[6, 7] 21 Am Jur 2d, Criminal Law § 245.

the court's loss of jurisdiction and dismissal (MCL 780.133; MSA 28.969[3]).

2. CRIMINAL LAW — SPEEDY TRIAL — NOTICE — DEPARTMENT OF CORRECTIONS — INMATES — OUTSTANDING WARRANTS.

Actual notice from the Department of Corrections to a prosecutor's office is not necessary to trigger the running of the 180-day period in which state prison inmates are to be brought to trial on outstanding warrants.

3. CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF PROCEEDINGS — 180-DAY RULE — STATUTES.

The 180-day statutory period which controls the time for commencing a criminal prosecution against a prison inmate on outstanding warrants begins with the coincidence of either of the following conditions 1 or 2 and condition 3: (1) the issuance of a warrant, indictment or complaint against a person incarcerated in a state prison or under detention in any local facility awaiting incarceration in any state prison, or (2) the incarceration of a defendant in a state prison or the detention of such defendant in a local facility to await such incarceration when there is an untried warrant, indictment, information or complaint pending against such defendant, and (3) the prosecutor knows or should know that the defendant is so incarcerated when the warrant, indictment, information or complaint is issued or the Department of Corrections knows or should know that a warrant, indictment, or complaint is pending against one in their custody (MCL 780.131 *et seq.;* MSA 28.969[1] *et seq.*).

4. CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF PROCEEDINGS — 180-DAY RULE — STATUTES.

There is no requirement that a trial on an outstanding warrant against a defendant who is a state prison inmate be concluded within 180 days but rather that the prosecution take good faith action within that time to ready the case for trial (MCL 780.131 *et seq.;* MSA 28.969[1] *et seq.*).

5. CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF PROCEEDINGS — 180-DAY RULE — STATUTES.

The prosecution has the burden of establishing good faith action to comply with the statute which provides a 180-day period in which a state prison inmate must be brought to trial on an outstanding warrant (MCL 780.131; MSA 28.969[1]).

6. CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF PROCEEDINGS — 180-DAY RULE — STATUTES.

Delay in commencement of criminal proceedings against a state

prison inmate which results from other proceedings against the same defendant will not necessarily constitute a violation of the 180-day statute (MCL 780.131; MSA 28.969[1]).

7. Criminal Law — Speedy Trial — Commencement of Proceedings — 180-Day Rule.

A prosecutor, when filing simultaneously several charges against a defendant, must be aware that a conviction of any one will trigger the 180-day rule for bringing the defendant to trial in the other cases; the prosecutor must, therefore, absent delays by the defendant or extraordinary circumstances, take sufficient good faith action on all pending cases with reasonable dispatch to avoid a violation of the 180-day rule.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Director, Prosecutor's Repeat Offender Bureau, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Harold M. Ryan,* for defendant on appeal.

Before: D. C. Riley, P.J., and M. F. Cavanagh and B. M. Hensick,* JJ.

Per Curiam. Defendant was charged with and convicted by a jury of aiding and abetting the delivery of heroin, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), MCL 767.39; MSA 28.979, and appeals by right.

From mid-September to November, 1974, defendant was under police surveillance for suspected trafficking in heroin. During this time, a police informant and an undercover policewoman made numerous purchases of heroin that had been supplied by defendant but delivered to them by an intermediary. This period of surveillance ended with defendant's arrest on November 7, 1974. The

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

prosecutor brought a number of separate but related cases against the defendant as a result of this investigation, one of which ended in defendant's conviction and incarceration on September 18, 1975.

Defendant raises essentially four claims of error; due to our view of this case, however, we find it unnecessary to discuss three of these errors and direct our attention to defendant's claim that the prosecutor violated MCL 780.131; MSA 28.969(1), by failing to bring the defendant to trial on a pending information within the 180 days specified in the statute. As a result, the defendant asserts that the trial court lost jurisdiction to try the instant case and that it must be dismissed.

MCL 780.131; MSA 28.969(1)[1] provides a 180-day period in which a state prison inmate must be brought to trial on an outstanding charge. The sanction for violation is the court's loss of jurisdiction and dismissal. MCL 780.133; MSA 28.969(3)[2].

---

[1] MCL 780.131; MSA 28.969(1) provides:

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a criminal sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail."

[2] This section states:

"In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, infor-

Although the literal language of the statute speaks in terms of notice between prosecutor and the Department of Corrections to trigger the 180-day period, judicial interpretation has made it clear that actual notice is not necessary. *People v Hill,* 402 Mich 272, 280-281; 262 NW2d 641 (1978), *People v Parker,* 21 Mich App 399, 407; 175 NW2d 879 (1970).

In circumstances where there is a warrant, information, indictment or complaint outstanding against a defendant, the 180-day period is commenced by the coincidence of:

"[His] incarceration * * * in a state prison or [his] detention * * * in a local facility to await such incarceration * * * [and] the Department of Corrections knows or should know that a warrant, indictment, or complaint is pending against one sentenced to their custody." *People v Hill, supra,* at 281.

Defendant was convicted and sentenced on September 18, 1975, on another charge while another indictment was pending against him. The record does not reveal the actual date of his delivery to the Department of Corrections. In their brief, the people assert that the defendant was not "under lock and key" from September 18, 1975, to June 25, 1976, apparently to raise the issue of defendant's actual incarceration. However, the people do not argue that the defendant was not in custody during this period or present an alternative method by which to measure the 180-day statutory period. That the defendant had appeared in other court proceedings during this period does not alter the ultimate fact of his detention on or about September 18, 1975, and that the Department of

mation or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

Corrections knew or should have known of the outstanding untried information against defendant as of that date. The coincidence of these two events marked the beginning of the statutory 180-day period.

The dispositive issue on appeal is whether the people complied with the statutory requirement that "such inmate shall be brought to trial within 180 days". MCL 780.131; MSA 28.969(1). It is clear that the prosecutor need not conclude the trial within the 180 days. The people must, however, take good faith action to ready the case for trial within that time. *People v Hill, supra,* at 281, *People v Castelli,* 370 Mich 147; 121 NW2d 438 (1963), *People v Hendershot,* 357 Mich 300; 98 NW2d 568 (1959). Courts have found lack of good-faith action where the prosecution did not keep a case alive with continued good-faith action,[3] or where there has been a period of unexplained inaction in excess of 180 days[4] or where the initial good faith action is followed by an "inexcusable delay" which evidences an intent not to bring the case to trial promptly.[5]

An examination in some detail of the proceedings in the instant case is needed before a determination of compliance or noncompliance with the 180-day rule can be made.

Defendant was originally arraigned on the information on November 15, 1974. He was convicted of other violations of the Controlled Substances Act on September 18, 1975, that also grew out of the same period of police surveillance. As of that date, the instant case had not been tried or otherwise disposed of. After this conviction, the following

---

[3] *People v Parker, supra.*

[4] *People v Forrest,* 72 Mich App 266; 249 NW2d 384 (1976).

[5] *People v Hendershot, supra.*

proceedings in the case at bar appear on the record as occurring within the 180-day period:

*September 26, 1975:* The case is transferred to the Prosecutor's Repeat Offender Bureau of the Wayne County Prosecutor's Office for handling.

*November 18, 1975:* The prosecutor dismissed as to a co-defendant, taking no action as to defendant.

*December 11, 1975:* Trial is adjourned without date by the court.

*February 9, 1976:* Trial date of April 8, 1976, is set.[6]

After the expiration of the 180-day limit trial was adjourned twice more, with the latest adjournment setting trial for July 21, 1976.[7] Three writs of habeas corpus were procured to obtain the presence of defendant at trial, once on May 10, 1976, once on June 4, 1976, for pre-trial, and finally on June 16, 1976, for trial on June 21. The case was assigned to another trial judge; trial finally commenced on June 25, 1976.

Case law indicates that the people have the burden of establishing good faith action to comply with MCL 780.131; MSA 28.969(1). *People v Hill, supra,* at 282; see also, *People v Forrest,* 72 Mich App 266, 273; 249 NW2d 384 (1976). The people urge that they have met this burden by arguing that the defendant was brought to trial as soon as possible under the prevailing circumstances, pointing out that trial in the instant case was delayed by three intervening cases.

---

[6] Copies of records apparently kept of the proceedings by the prosecutor's office show that a pre-trial was held on December 31, 1975, before Judge Crockett, Jr. The actual Recorder's Court file does not show that such a pre-trial was held on that date.

[7] Trial was adjourned on March 23, 1976, to May 13, 1976, and again on May 17, 1976, to July 21, 1976. One week after this last adjournment, trial was re-set for June 21, 1976.

In *People v Hill, supra,* at 282, the Supreme Court determined that delay of a defendant's trial resulting from other proceedings does not necessarily constitute a violation of MCL 780.131; MSA 28.969(1). However, the Court did not view such delay as justification for an automatic finding of good faith, but placed a duty on the prosecutor to demonstrate the reasonableness of his action.

In examining the record,[8] we note that the intervening proceedings asserted as justification for the delay comprised pre-trials in two cases, held on the same day before the same judge. The trials were later adjourned and the cases eventually dismissed after sentencing in the instant case. Trial in yet a third case involving defendant commenced on April 4, 1976, and continued through April 6, 1976, at which time it was adjourned one week to await motions. The case evidently also did not proceed to verdict and sentencing and was dismissed after sentence was passed in the present case. It thus appears that a two-month hiatus existed between defendant's April trial and the trial here.

We therefore do not find the delay to have been so reasonable as to justify a violation of the 180-day rule. The preliminaries in the instant case were complete many months in advance of trial. The intervening cases developed from the extensive surveillance of defendant involved the same principals and related violations of the Controlled Substances Act. Due to their similarities, these cases appear not to have created any particular problems of trial preparation that might reason-

---

[8] Records of proceedings against the defendant in three intervening cases between his conviction and trial in the case at bar, Plaintiff-Appellee's Brief, Appendix A.

ably create delay, nor does the prosecutor direct our attention to any difficulties in this regard.

We note, in concluding that the delay was not reasonable, that a prosecutor has a certain control in the management of his docket. He must be aware, in filing simultaneously several charges against one defendant, that a conviction of any one will trigger the 180-day rule. He must, therefore, absent delays by the defendant or extraordinary circumstances, take sufficient good faith action on all pending cases with reasonable dispatch to avoid a violation of the 180-day rule.

It remains to be seen whether any other action taken by the people to ready the case for trial may constitute good faith action within the 180-day period. The record reveals that within the 180-day period, after the case was assigned to the Prosecutor's Repeat Offender Bureau, it was adjourned without date on December 12, 1975. A trial date of April 8, 1976, was later set on February 9, 1976. In those cases where good faith compliance with the 180-day rule was found, the prosecution had advanced the case with sufficient dispatch to conclude important initial procedural phases within 180 days and proceeded promptly thereafter. *People v Castelli, supra* (prosecution obtained writ of habeas corpus), *People v Hendershot, supra* (procurement of writ of habeas corpus, arraignment and preliminary examination), *People v Wilder,* 51 Mich App 280; 214 NW2d 749 (1974), *lv den,* 394 Mich 774 (1975) (holding of preliminary examination within 180 days), *People v Asher,* 32 Mich App 380; 189 NW2d 148 (1971), *lv den* 385 Mich 767 (1971) (preliminary examination held, court found consistent and eventual movement towards trial thereafter).

In the instant case, initial procedural steps had

been completed well before defendant's incarceration. Within the subsequent 180 days, proceedings were marked by periods of inaction, interrupted only by the setting and postponement of the trial date without reason given (a delay chargeable to the people, *People v Forrest, supra,* and a prior adjournment of trial without date. We are therefore not persuaded that the steps taken by the people satisfied their burden of good faith action sufficient to prevent the trial court's loss of jurisdiction pursuant to MCL 780.133; MSA 28.969(3).

Accordingly, we reverse and remand to the trial court for entry of an order of dismissal with prejudice.