PEOPLE v FREEMAN

Docket No. 60939. Submitted August 17, 1982, at Detroit.—Decided
    December 21, 1982. Leave to appeal denied, 417 Mich 1052.

   James H. Freeman was charged with first-degree murder and
       felony-firearm and was arrested in October, 1979. In December,
       1979, he began serving a prison sentence on a conviction of an
       unrelated charge. Proceedings were then commenced on other
       pending murder charges against defendant which resulted in
       defendant's acquittal in January, 1981. The prosecution then
       began proceedings on the instant charges and the defendant
       brought a motion to quash the information because the people
       failed to bring him to trial on these charges within 180 days as
       required by statute. The Recorder's Court of Detroit, David P.
       Kerwin, J., granted the motion and dismissed the charges. The
       people sought leave to appeal, which was denied. Upon applica-
       tion for leave to appeal to the Supreme Court, that Court
       remanded to the Court of Appeals for consideration as on leave
       granted. 412 Mich 856 (1981). *Held:*

      1. A prosecutor may establish that a delay in bringing an
       inmate to trial beyond 180 days after the requisite notice of the
       defendant's incarceration is reasonable if good faith action was
       taken to bring an intervening charge promptly to trial and,
       after that trial, prompt action was taken to bring the pending
       case to trial.

      2. The prosecutor established that, because the intervening
       murder case was lengthy and complex with no extensive delays
       or periods of inaction during the prosecution of that case, and
       because there was no factual relationship between that case
       and the present one, the delay in excess of 180 days in bringing
       the defendant to trial in the present case was reasonably
       necessary to conduct the intervening trial.

      Reversed and remanded.

1. Criminal Law — Speedy Trial — Inmates — 180-Day Rule.
    A state prison inmate must be brought to trial on an outstanding

References for Points in Headnotes
[1] 21A Am Jur 2d, Criminal Law §§ 655, 662.
[2, 3] 21A Am Jur 2d, Criminal Law § 656.

charge within 180 days of notice to the prosecutor of the prisoner's status; violation of the rule results in the court's loss of jurisdiction and the dismissal of the charge; the 180-day period begins to run with the defendant's incarceration when there is an outstanding warrant or complaint pending and the prosecutor knows or has reason to know that the defendant is so incarcerated (MCL 780.131, 780.133; MSA 28.969[1], 28.969[3]).

2. Criminal Law — Speedy Trial — Inmates — 180-Day Rule — Good Faith Action.

A prosecutor does not necessarily violate the 180-day rule by failing to complete or even commence trial of a defendant who is a state prison inmate; rather, the statute requires that the prosecutor take good faith action within that time in an effort to proceed promptly to trial, and if the prosecutor shows such good faith action jurisdiction is not lost unless the initial action is followed by an inexcusable delay which shows that the prosecutor did not intend to bring the defendant promptly to trial (MCL 780.131; MSA 28.969[1]).

3. Criminal Law — Speedy Trial — Inmates — 180-Day Rule — Good Faith Action.

A prosecutor may establish that a delay in commencement of criminal proceedings against a state prison inmate is reasonable if he establishes that he took good faith action to bring another, intervening charge against the defendant promptly to trial and thereafter acted promptly to bring the pending case to trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Robert J. Sheiko,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek),* for defendant on appeal.

Before: Bronson, P.J., and MacKenzie and K. N. Sanborn,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Defendant was charged with first-degree murder, MCL 750.316; MSA 28.548, and felony-firearm, MCL 750.227b; MSA 28.424(2), in September 1979, and arrested on those charges October 28, 1979. On February 13, 1981, defendant moved to quash the information because the people failed to bring him to trial within 180 days as required by statute, MCL 780.131; MSA 28.969(1). On June 7, 1981, the trial court granted the motion. The people appeal by leave granted.

Defendant was arraigned in this case on October 29, 1979, along with codefendant Robert Partee. The preliminary examination was held November 15, 1979. The trial court set a trial date of March 3, 1980. On December 21, 1979, defendant was sentenced in a separate case to 20 to 30 months in prison for attempted carrying a concealed weapon. After December 21, 1979, the prosecutor did not take any further action on this case for 384 days or until January 8, 1981. Instead, the prosecutor completed proceedings against defendant, codefendant Partee, and three other defendants on other pending first-degree murder charges stemming from the much-publicized Democratic Club triple beheading murders.

MCL 780.131; MSA 28.969(1)[1] provides a 180-day

[1] MCL 780.131; MSA 28.969(1) provides:

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for a final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibil-

period during which a state prison inmate must be brought to trial on an outstanding charge. The sanction for violation of this 180-day rule is the trial court's loss of jurisdiction and dismissal of the charge with prejudice, MCL 780.133; MSA 28.969(3).[2] In *People v Hill,* 402 Mich 272, 280-281; 262 NW2d 641 (1978), the Court held that the 180-day period begins to run with the defendant's incarceration or detention when there is an outstanding warrant or complaint pending against the defendant and the prosecutor knows or should know that the defendant is so incarcerated. Thus, the 180 days began to run in this case on December 21, 1979.

The prosecutor does not necessarily violate the 180-day rule by failing to complete or even commence trial within that time period. Instead, the statute mandates that a prosecutor take good-faith action on the case within 180 days in an effort to proceed promptly to trial. *People v Hill,* p 281; *People v Castelli,* 370 Mich 147, 153; 121 NW2d 438 (1963). The prosecutor has the burden of establishing good-faith action that complies with the 180-day rule. *Hill,* p 282. If the prosecutor does show such good-faith action, jurisdiction is not lost unless the initial action is followed by an inexcusable delay which tends to show that the prosecutor did not intend to bring defendant promptly to trial. *People v Hendershot,* 357 Mich 300, 303-304;

ity of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail."

[2] This section states:

"In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

98 NW2d 568 (1959); *People v Forrest,* 72 Mich App 266; 249 NW2d 384 (1976). A delay reasonably necessary to try an intervening case against the defendant does not necessarily militate against a finding of good-faith prosecutorial action. *Hill,* p 282.

In *Hill,* proceedings in the defendant's assault charge were adjourned until trial was completed on an intervening murder charge. The defendant moved to quash the information on the assault charge because the prosecutor failed to bring him to trial for that offense within 180 days. The trial court denied the motion. The defendant was subsequently convicted of the assault. This Court affirmed that conviction. 22 Mich App 91; 177 NW2d 220 (1970). The Supreme Court remanded for an evidentiary hearing.

"The trial judge denied the motion without the prosecutor establishing good-faith action to bring this matter to trial, apparently holding that adjournment of trial to permit another trial was reasonable per se and adequate compliance with the statute without regard to *whether the intervening trial was unreasonably delayed.* We do not agree that the delay here was necessarily reasonable, and accordingly remand for the purpose of establishing its reasonableness and that the prosecutor took the required good-faith action to ready this case for trial." *People v Hill,* p 282. (Emphasis added.)

In *People v Wright,* 89 Mich App 244; 280 NW2d 836 (1979), remanded for an evidentiary hearing in lieu of granting leave to appeal, 408 Mich 942 (1980), *lv den* 411 Mich 985 (1981), this Court addressed a claimed violation of the 180-day rule where the prosecutor argued that proceedings on an intervening charge justified the delay. This

Court found the nine-month delay between the defendant's incarceration on a related charge and trial on his pending charge unreasonable. The intervening actions consisted of two pretrial conferences held on the same day before the same judge. Furthermore, all the charges pending against the defendant were similar and developed from the same investigation. This Court found that the proceedings in the case were "marked by periods of inaction, interrupted only by the setting and postponement of the trial date without reason given". *Wright,* p 253.

When the prosecutor petitioned for leave to appeal *Wright,* the Supreme Court said: "[W]e remand for an evidentiary hearing at which the trial court shall make findings of fact and, considering this case and *the other cases pending against defendant* at the time, determine whether or not the prosecutor took 'good faith action' within 180 days to ready the case for trial * * *." 408 Mich 942 (emphasis added).

Thus, a prosecutor may establish that a delay beyond 180 days is reasonable if the prosecutor establishes that he took good-faith action to bring an intervening charge against defendant promptly to trial and thereafter acted promptly to bring the pending case to trial.

At the hearing on defendant's motion to quash, the prosecutor in charge of both this case and the Democratic Club triple beheading case said that he could demonstrate the people's good-faith efforts to bring this case to trial without calling witnesses. The prosecutor said that he deliberately chose to proceed with the beheading case because (1) all five of those defendants were in jail, (2) the beheading case was much more complex than this case, and (3) the disposition in the beheading case

might determine whether the people would proceed with this case.

The prosecutor then detailed the actions taken in the beheading case. The beheading case commenced on March 3, 1980, the date originally set for trial in this case. That trial against four of the beheading defendants, including defendant and Partee, ended in a mistrial 7-1/2 weeks later on April 23, 1980. Following the mistrial, one beheading defendant, Frank Usher, was tried separately between May 19 and June 24, 1980. The pretrial and jury selection for the remaining beheading defendants began on June 16, 1980. However, on June 27, 1980, defendant's motion to remove his counsel was granted and the trial judge severed his trial. Retrial for two beheading defendants, including codefendant Partee, was held between June 27, 1980, and August 6, 1980. Defendant's separate trial in the beheading case began on November 24, 1980. On January 7, 1981, a jury acquitted defendant.

When ruling on the defendant's motion to quash, the trial court recognized that the beheading case was complex and that the facts of both cases did not overlap or intertwine. The trial court did not find that the people unreasonably delayed the beheading case. In support of its finding that the 180-day rule had been violated, the trial court found that the delay in this case was the result of the people's conscious choice not to break the sequence of the beheading case. The trial court granted the motion to dismiss because the people took no action at all on this case between December 21, 1979, and January 8, 1981.

We find this case distinguishable from *People v Wright, supra,* and reverse. The beheading case, due to its complexity, involved three separate

trials, one to two months long. Those trials required considerable preparation by the people. There was no factual relationship between this case and the intervening beheading case. Unlike the extensive delays taken in the intervening case in *Wright,* there were no similarly extensive delays or inaction during the intervening beheading case. Therefore, we find that the prosecutor established at the hearing on the motion to quash that the delay in excess of 180 days in bringing defendant to trial in this case was reasonably necessary to conduct the intervening trial.

Reversed and remanded.