PEOPLE v ALEXANDER

Docket No. 76666. Submitted November 19, 1984, at Detroit.—Decided February 27, 1985.

Defendant, William Alexander, was convicted following a jury trial in the Recorder's Court for the City of Detroit of third-degree criminal sexual conduct. The trial court, James E. Roberts, J., sentenced defendant to from 10 to 15 years imprisonment. Defendant appeals alleging error in the admission of testimony by four women who alleged that defendant committed similar sexual assaults against them. Defendant also alleges that his right to a speedy trial was violated. *Held:*

1. Under the circumstances of this case, the trial court properly allowed the similar acts testimony into evidence.

2. The four requisites to the admission of similar acts evidence were met in this case.

3. The record does not support a conclusion that defendant's right to a speedy trial was violated. The record does not support a conclusion that the delay was attributable to the prosecutor.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — RULES OF EVIDENCE.

The decision of whether or not to allow the admission of evidence of prior similar acts is within the trial judge's discretion (MRE 404[b]).

2. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS.

Evidence of a similar act may be admitted where: (1) there is substantial evidence that the defendant in fact committed the alleged similar act; (2) there is some special quality or circumstance of the similar act tending to prove motive, opportunity, intent, preparation, scheme, plan, or a system in doing an act, knowledge, identity, or absence of mistake or accident; (3) one

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence § 298 *et seq.*
Admissibility of evidence of subsequent criminal offenses as affected by proximity as to time and place. 92 ALR3d 545.
[3] 21A Am Jur 2d, Criminal Law § 857.

or more of these factors is material to the determination of the defendant's guilt of the charged offense; and (4) the probative value of the similar-act evidence is not substantially outweighed by the danger of unfair prejudice; proof of a defendant's "similar acts" under requisite (1) needs only be sufficient to convince the jury of the probability of defendant's actions as opposed to beyond a reasonable doubt; under requisite (2), where the evidence is admitted to prove identity, the prosecutor must establish that the circumstances surrounding the prior act and the crime charged are so similar and unique as to indicate the signature of a single actor.

3. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE.
   There is no requirement that a trial of an outstanding warrant against a defendant who is a state prison inmate be concluded within 180 days but rather that the prosecution take good-faith action within that time to ready the case for trial; a delay in the commencement of criminal proceedings which is reasonably necessary because of the trial of another case against the defendant will not militate against a finding of good-faith action (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jane Shallal,* Assistant Prosecuting Attorney, for the people.

*Markus S. Simon,* for defendant on appeal.

Before: T. M. BURNS, P.J., and SHEPHERD and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant, William Alexander, was convicted after a jury trial of third-degree criminal sexual conduct, MCL 750.520d(1); MSA 28.788(4)(1). Defendant was sentenced to a prison term of from 10 to 15 years and appeals as of right.

Prior to trial, the prosecutor moved to amend his witness list to include the names of four

---

* Circuit judge, sitting on the Court of Appeals by assignment.

women who alleged that defendant committed similar assaults against them. The trial court granted the prosecutor's motion. Defense counsel then made a motion *in limine* to exclude the similar acts testimony, which was denied. Defendant also made two motions to dismiss this case for a lack of speedy trial. These motions were denied. At trial, the complainant, a 15-year-old girl, testified that she was walking on a street in Detroit at about noon when defendant approached her and accused her of striking his little sister and asked her to accompany him for purposes of verifying his accusation. He then took her to a vacant garage and forced her to engage in sexual intercourse. The four witnesses which the prosecutor endorsed then testified that defendant assaulted them in a similar manner. This testimony was admitted into evidence pursuant to MRE 404(b).

On appeal, defendant argues that this evidence of similar acts was erroneously admitted at his trial. MRE 404(b) allows evidence of prior similar acts in certain circumstances:

"(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crime, wrongs, or acts are contemporaneous with, or prior or subsequent to the crime charged."

Whether or not to allow the admission of such evidence is a decision within the trial judge's discretion. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977). In determining whether to allow such evidence, four requisites must be met:

"(1) substantial evidence that the defendant in fact committed the alleged similar act;

"(2) some special quality or circumstance of the similar act tending to prove motive, opportunity, intent, preparation, scheme, plan, or a system in doing an act, knowledge, identity, or absence of mistake or accident;

"(3) one or more of these factors must be material to the determination of the defendant's guilt of the charged offense; and

"(4) the probative value of the similar-act evidence must not be substantially outweighed by the danger of unfair prejudice." *People v Goree,* 132 Mich App 693, 705; 349 NW2d 220 (1984), citing *People v Golochowicz,* 413 Mich 298, 309; 319 NW2d 518 (1982).

Under the first requisite, proof of a defendant's "similar acts" needs only be sufficient to convince the jury of the probability of defendant's actions as opposed to beyond a reasonable doubt. *Duncan, supra.* The people are not required to offer evidence corroborating a witness's testimony when she testifies from her own personal knowledge, as the credibility of the witness is a question for the jury. In the instant case, each of the four witnesses identified defendant as their assailant in a corporeal lineup following defendant's arrest and again in court during each preliminary hearing. The trial court properly determined that there was substantial evidence that defendant perpetrated sexual assaults against all four of the witnesses.

Under the second requirement, where the evidence is admitted to prove identity, the prosecutor must establish that the circumstances surrounding the prior act and the crime charged are so similar and unique as to indicate the signature of a single actor. In regards to this issue, the trial court found:

"That is, in each instance the victim of the alleged

assault was initially approached by the defendant on the street and was accused by the defendant of having assaulted another person—a female. It was by this method that the defendant lured each prospective witness into his company and by this device that he inveigled each into accompanying him. This court finds, therefore, that the commonality of circumstances are so unusual and distinctive as to be like a signature."

We agree with the trial court.

The third requirement, that the evidence be material to the issue of defendant's guilt of the charged offense, is also satisfied. The identity of the perpetrator of the assault was a controverted issue as defendant denied committing the crime.

Finally, the trial court found that the probative value of the similar acts testimony was not outweighed by the danger of unfair prejudice. While, as defendant argues, the danger of unfair prejudice was significantly high in this case, we believe that the admission of the similar acts evidence was proper. At the time of trial, defendant had been charged with the four other alleged rapes, and in one instance, there existed a final judgment of conviction. In addition, since there were no witnesses other than the complainant who could testify as to the defendant's identity, the similar-acts testimony provided an important strand in the cable of evidence used to support the prosecution's case against defendant. *People v Goree, supra,* p 709.

Further, the trial court instructed the jury as to the limited purpose for admitting the similar acts evidence. Under these circumstances, we find that the trial court properly allowed this testimony and that defendant's argument is without merit.

Defendant next argues that his right to a speedy trial was violated. Defendant contends that the trial court was divested of its jurisdiction under

the "180-day rule", MCL 780.131; MSA 28.969(1), when the trial in the instant case commenced 266 days after defendant was sentenced to prison on another conviction for third-degree criminal sexual conduct. The 180-day rule does not inflexibly demand that defendant's trial be completed within 180 days, but, instead, demands that the prosecution must take good-faith action within that time to ready the case for trial. *People v Hendershot,* 357 Mich 300, 304; 98 NW2d 568 (1959). In *People v Hill,* 402 Mich 272; 262 NW2d 641 (1978), the defendant was arraigned promptly, but the trial was delayed for more than 180 days to allow trial of another charge against defendant. The Court in *Hill* stated that "[d]elay reasonably necessary to try an intervening case will not militate against a finding of good-faith action". 402 Mich 282. In the instant case, defendant was facing five charges of criminal sexual conduct, each arising out of a separate offense. The record does not support a conclusion that the delay was attributable to the prosecutor. To the contrary, it shows that the prosecutor intended to bring the case promptly to trial.

Affirmed.